## C. MAUL v. THE STATE.

Under the provision of the Code, that " when by the provisions of the second law the punishment of the offence is ameliorated, the defendant shall be punished under such last enactment, unless he elect to receive the penalty prescribed by law in force when the offence was committed ;" the " *election*" of the defendant can apply only to the case where the new law ameliorates the penalty, and he chooses to receive the penalty prescribed by the law in force when the offence was committed. Unless he make such election, his trial under the law inflicting the milder penalty follows as a legal consequence.

The penalty, therefore, may be less, but can never be greater than that imposed by the law in force when the offence was committed.

Where there are several offences embraced in the same indictment, they must be treated as distinct by the court, in its instructions to the jury in respect to the penalty attached to each by the law. And it is only when the punishment of some one or all of them is ameliorated by the new law, that a defendant has a right " to elect to receive the penalty prescribed by the law in force when the offence is committed." If any one of them thus included, is ameliorated, he may elect as to that one.

Where the defendant indicted for an assault with intent to murder, elected to be tried under the new law ameliorating the penalty, was convicted of an aggravated assault, the penalty whereof was increased by the law then in force beyond that which existed at the commission of the offence : *held*, that the conviction was illegal notwithstanding his election in respect to the charge of an assault with intent to murder.

APPEAL from Fayette. Tried below before the Hon. James H. Bell.

The defendant chose to be tried under the penal code on the charge, without qualification as to the minor offences included within it. The court charged the jury as to the several offences of assault with intent to murder, and an aggravated assault, and the punishment of each under the Code. The defendant did not except to the charge, nor ask any to be given in respect to the penalty. All the other facts material to be stated, appear from the opinion.

*W. G. Webb*, for the appellant.

*Attorney General* for the State,—Argued that the defendant voluntarily elected to be tried under the provisions of the Code,

Maul v. The State.

and thereby waived his right to be tried by the law in force when the offence was committed; and cited Code Crim. Proc., Art. 26.

ROBERTS J.—This is an indictment for an assault with intent to murder. The offence is charged and proved to have been committed before the Code went into operation, and the trial was afterwards. Defendant chose to be tried under the Code, and was found guilty of an aggravated assault, and his punishment was fixed by the jury at a fine of five hundred dollars, and confinement in the county jail one year. This punishment was permissible for an aggravated assault under the Code, but was greater than that prescribed for that offence by the law previously. The main error complained of was in the court having permitted the defendant to be tried under the Code according to his selection. The Code, when the penalty is changed by a subsequent law, provides "that when by the provisions of the second law, the punishment of the offence is ameliorated, the defendant shall be punished under such last enactment, unless he elect to receive the penalty prescribed by law in force when the offence was committed." (Penal Code, Art. 14.)

By the Code, the offence charged was punished by confinement in the penitentiary from two to seven years; and by the previous law from one to ten years. In the highest grade of this offence, the punishment was ameliorated by its limit being diminished two years.* As to the lower grade of offence included in this indictment, an aggravated assault, the punishment was increased by the Code. To judge of this question rightly, there are two things to be considered:

1st. An aggravated assault does not occupy towards an assault with intent to murder, the relation of a distinct separate offence, as larceny to murder, but is included within it as a constituent element of it, as is the case with manslaughter and murder. There are only different grades of unlawful assault, just as manslaughter and murder are different grades of felonious homicide. This in-

* Three years was doubtless intended.—REP.

dictment includes both the grades of assault, as well as the still lower grade of a common assault, as an indictment for murder includes the lower grades of homicide, as manslaughter and negligent homicide.

2d. The court must permit this selection to be made before the verdict is found by the jury, and therefore must allow it in reference to a comparison of punishments attached to the offences as charged, as well as the modifications which may be comprehended under the offence charged.

Now although a common assault and an aggravated assault are included in an indictment for an assault with intent to murder, they are offences entirely distinct from that, with reference to the punishment imposed.

It is alone in reference to the punishment that the offence is spoken of in this article of the Code. Therefore, where there are several offences embraced in the same indictment, as in this case, they must be treated as distinct offences by the court, in instructing the jury upon the penalty attached to each by the law. And it is only when the punishment of some one or all of them is ameliorated by the new law, that a defendant has a right "to elect to receive the penalty prescribed by the law in force when the offence is committed." If any one of them, thus included in the same indictment, is ameliorated, he may elect as to that one.

The punishment of the offence, of which the defendant was convicted, an aggravated assault, was greatly increased in both its minimum and its maximum limits. A penalty was imposed by the jury, much greater than that which could attach to the offence when it was committed. This was therefore, as to this offence, not a case in which the question of election arose at all. The defendant never "elects" to be tried under the new law. That follows as a legal consequence, when the punishment is ameliorated. But when it is ameliorated, then he may elect to receive the penalty prescribed by law when the offence was committed.

Thus the penalty inflicted may be less, but can never be greater than that imposed by the law when the offence was committed. This is plainly the object of the law. (Art. 14, Pen. Code.)

We are of opinion, therefore, that the penalty imposed in this case, was excessive, and not warranted by law.

The other questions in the case need not be discussed, as this is sufficient to remand it for a new trial.

Judgment reversed and cause remanded.