McCORMACK & WAINRIGHT v. M. C. BIGNALL & Co.

(No. 792, Op. Book No. 2, p. 267.)

APPEAL from Galveston County. Opinion by WINKLER, J.

§ 760. *Fraudulent assignment; continuance of the business by assignor; reservations in favor of assignor.* Whether the deed of assignment from Mathews to appellants was so intended by the parties to it or not, it is in law fraudulent as to its effect upon prior creditors. 1st. Because it provides for a continuance of the business of Mathews by the appellants, his assignees, instead of a prompt realization of the property assigned, or the proceeds arising from a sale of it, to the payment of the debts of the assignor; and 2d. It reserves to the assignor the right to defeat its operations by substituting other assignees under certain contingencies mentioned in it. In either case, the natural result and legal effect of the deed of assignment would be to hinder and delay, if not

to defraud, creditors.  Such being the case, the deed was properly held to be void.  [R. S. 2465; Van Hook v. Walton, 28 Tex. 59; Peiser & Co. v. Petticolas, 50 Tex. 638.]

March 20, 1880.                              Affirmed.