## J. D. WADE v. THE STATE.

*No. 1001. Decided May 6th, 1896.*

**1. Receiving Stolen Cattle—Evidence.**

Where on a trial for receiving stolen cattle, which were a part of a shipment from Texas to East St. Louis, Ill., the State was permitted, over defendant's objections, to prove by a witness the contents of certain railroad records, which he examined in East St. Louis, showing the cattle were shipped by defendant, and the brands upon them, but, the witness does not remember what railroad; nor in whose charge the records were, nor the name of the party who showed them to him, but only that the man who showed him the records was pointed out to him by the stock-yard agent, as the general superintendant of the railroad. Held: There is no rule of law, or principal of evidence, under which the testimony was admissible.

37th Tex. Crim. Rep. – 26.

**2. Bill of Exceptions to Admitted Testimony.**

A bill of exceptions to admitted testimony which only states, as ground of exception, "that said testimony was not relevant," is not sufficient. The objection should have been stated more explicitly.

APPEAL from the District Court of Karnes. Tried below before Hon. S. F. GRIMES.

Appeal from a conviction for receiving stolen cattle; penalty, two years' imprisonment in the penitentiary.

No statement necessary.

[No briefs for either party have come to the hands of the Reporter.]

*Mann Trice*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—The indictment in this case was in two counts—one charging appellant with the theft of one head of cattle, and the other charging him with receiving and concealing one head of cattle, knowing the same to have been stolen. He was convicted under the last count. The first bill of exceptions is to the admission of testimony, and reads as follows: "The State's witness, L. S. Howard, was permitted, over defendant's objection, to testify that he examined the records in East St. Louis, Illinois, and that those records show that four cars of cattle were shipped from Falls City, Texas, and that they were shipped by J. D. Wade, and the brands on said cattle were d A P and d; that this record was the railroad's record, and witness does not remember what railroad, nor in whose charge, the records were, nor the name of the man who showed them to him, but the man who showed him the record was pointed out to him, by the stock-yard agent, as the general superintendent of the railroad. The defendant objected to this testimony on the grounds as follows: (1) It is irrelevant; (2) it is parol testimony of a written record; (3) it is hearsay; (4) because it is not shown who kept said record. The court overruled defendant's objections, and the said testimony went before the jury as evidence in this cause. And again, before the State closed its evidence, and before the defendant introduced his evidence, the defendant made his motion, in writing, asking the court to strike out the above-mentioned testimony for the reasons before mentioned, which motion the court overruled, to which rulings of the court the defendant in both instances then and there excepted." We know of no rule of evidence or principle of law under which such testimony was admissible. It was not a book of account that was offered in evidence, or any public office book of the State of Illinois, required to be kept, that was offered in evidence. If it was a book of public entries that was offered in evidence, it would have been necessary to prove the law under which it was authorized to be kept, to have shown that such book was correctly kept, and then its contents might have been shown, by copy properly certified. But in this case there was no attempt to prove that the book was required to be kept by

any law of the State of Illinois, the bill simply showing that the witness, Howard, examined the records in East St. Louis, Ill., and it is not even shown to what railroad these records belonged, nor that, by the rules and custom of the company they were required to be kept, nor that they were correctly kept, nor in whose custody they were at the time of such examination. This testimony was upon a material issue in the case. It was evidence introduced for the purpose of showing the possession by the defendant of the head of cattle charged in the indictment, or his acts in regard to the same, which was intended to supplement and corroborate other testimony in the case upon this point; and it was very important evidence on the part of the State, in order to connect the defendant with the crime charged against him. It was illegal testimony, and ought not to have been admitted. See, Howard v. State, 35 Tex. Crim. Rep., 136. As to the second bill of exceptions, in reference to the admission of the testimony of Gallagher that between the 21st and 26th of November, 1894, he inspected two cars of cattle (50 head) in the National Stock Yards at East St. Louis, and that the said cattle were branded d A P, the bill only shows that said testimony was not relevant. This, as has been repeatedly held by this court, was not a sufficient ground of exception to said testimony. It should have been more explicit. The fact that the State proved that a number of cattle were shipped from Karnes County to the firm of Campbell & Co., of St. Louis, about the 20th of November, by the defendant, and that at least one of said head of cattle was branded d A P, would suggest that the testimony of an eyewitness who saw, about the date when such cattle should have arrived at St. Louis, a number of cattle in the stock yards there shipped to the same firm, and branded d A P, would render this character of testimony admissible. It occurs to us that the testimony in this case upon which the conviction was had for receiving a stolen head of cattle, knowing the same to have been stolen, is of a weak character; but we will not reverse the case on that ground, believing that if the defendant is guilty the case can be made stronger on a new trial. But for the errors above pointed out the judgment of the lower court is reversed, and the cause remanded.

*Reversed and Remanded.*