EDNA KENDALL v. THE STATE.

No. 4065.  Decided December 12, 1908.

**Occupation Tax—Charge of Court—Statutes Construed—Penalty.**

Where defendant was charged with a violation of the occupation tax law under an act which was afterwards amended, and which latter law was in effect when defendant was tried, and both laws provided for a money fine and imprisonment in the county jail, and defendant did not elect to receive the penalty prescribed under the new law, the court should have charged the penalty of the old law, and a charge submitting the penalty under the new law was error.

Appeal from the County Court of Potter.  Tried below before the Hon. Sam R. Merrill.

Appeal from a conviction for unlawfully pursuing an occupation without a license; penalty, a fine of $100, and ten days confinement in the county jail.

The opinion states the case.

*Cooper & Standford,* for appellant.—On question of charge of court as to penalty of offense: Maul v. State, 25 Texas, 168; Jenkins v. State, 28 Texas Crim. App., 86; Johnson v. State, 28 Texas Crim. App., 563.

*F. J. McCord,* Assistant Attorney-General, for the State.—Cited, Jenkins v. State, 28 Texas Crim. App., 86; Rich v. State, 9 Texas Crim. App., 176.

BROOKS, JUDGE.—This is a conviction for pursuing the occupation of a retail liquor dealer without having first paid the tax therefor.  The evidence shows that appellant was pursuing the occupation of a malt liquor dealer during the month of May, 1907, and the indictment so alleges.  The tax levied upon the sale of malt liquors by the Act of the last Legislature, known as the Baskin-McGregor law, was the sum of $62.50.  The law further provides that the county can . levy half of the amount of said State tax.  Appellant contends that this case should be reversed because the court, instead of charging the penalty under the old law, charged the penalty under the Act of the last Legislature.  Under the old law, article 411a, White's Penal Code, it is provided: "Any person or association of persons who shall engage in the sale of spirituous, vinous or malt liquors, or medicated bitters, without having obtained a license therefor, shall be fined in any sum not less than the amount of the taxes so due and not more than double that sum, or imprisoned in the county jail from ten to ninety days in the discretion of the jury."  The Act of the last Legislature provides that the penalty for the sale of malt liquors shall not be less than $25 nor more than $100, or by imprisonment in the county jail for a term not exceeding ninety days, or by both such fine and

imprisonment. The citation of the amount of fine of the respective laws shows that under the old law the least fine that could have been imposed would have been $75, while under the new law the least fine is $25. The least jail penalty under the ˙old law ten days, while under the present law it may be one minute or one hour. Article 15 of the Penal Code provides: "When the penalty for an offense is prescribed by one law, and altered by a subsequent law, the penalty of such second law shall not be inflicted for a breach of the law committed before the second shall have taken effect. In every such case the offender shall be tried under the law in force when the offense was committed, and if convicted, punished under the law; except that when by the provisions of the second law the punishment of the offense is ameliorated, the defendant shall be punished under such last enactment, unless he elect to receive the penalty prescribed in force when the offense was committed." It appears that appellant in this case was tried and judgment entered on the 18th day of July. The law suggesting the penalty under the Act of the Thirtieth Legislature, above mentioned, went into effect on the 12th day ˙of July, 1907. So the penalty under the new law was in force at the time appellant was tried. Although the latter penalty was in force at the time of the trial of this case, yet in view of the fact that both fine and imprisonment can be enforced under the latter act, it was the duty of the court to charge the old penalty. The court having charged the new penalty or the penalty under the late Act of the Legislature, was in error. Because of this error the judgment is reversed and the cause is remanded.

*Reversed and remanded.*