## SANGO YBARRA v. THE STATE.

No. 2998. Decided February 14, 1914.

**1.—Murder—Sufficiency of the Evidence—Murder in First Degree.**

Where, upon trial of murder assessing the death penalty, the evidence sustained the conviction, there was no reversible error on that ground.

**2.—Same—Change of Venue.**

Where the affidavits of several persons contesting the motion to change venue showed that defendant was not entitled to a change of venue, there was no error on that ground.

**3.—Same—Indictment—Discrimination.**

Where, upon trial of murder, the evidence showed that no race discrimination was made in selecting the grand jurors who found the indictment, there was no error in overruling a motion to quash on that ground.

**4.—Same—Grand Jury—Talesman.**

Where appellant complained that the sheriff was not sworn before he summoned a talesman to act on the grand jury, and the record showed that no complaint whatever was made of this at the time the grand jury was empanelled, the complaint came too late to be reviewed, and there was no reversible error.

**5.—Same—Jury and Jury Law—Practice on Appeal.**

Where defendant complained of the refusal of the court to permit him to further examine one of the jurors on his voir dire, etc., and the cause is reversed on other grounds, this question need not be considered.

**6.—Same—Degrees of Murder—Old and New Law.**

Where the killing occurred on June 7, 1913, and defendant elected to be tried under the old law defining murder in the first and second degree and properly reserved his exceptions throughout the trial, and the court tried him under the new murder law, which went into effect July 1, 1913, and failed to·charge on the different degrees of murder, the same was reversible error.

**7.—Same—Rule Stated—Statutes Construed—Punishment.**

Where the alleged murder was committed before the new statute went into effect, the defendant must be tried under the old law unless he expressly himself elects to be tried under the new law; the new law ameliorating the penalty as to murder in the first degree, the punishment fixed by the new law must be given in the charge to the jury. Following Hill v. State, 72 Texas Crim. Rep., 109, 161 S. W. Rep., 118, and other cases.

**8.—Same—Procedure—Statutes Construed.**

What is said about being tried under the old law is meant as to the offense itself and the punishment therefor, and does not apply to the procedure under the amended articles of the Code of Criminal Procedure by the Act of April 15, 1913. Following Barnett v. State, 42 Texas Crim. Rep., 302, and other cases.

Appeal from the District Court of Hays. Tried below before the Hon. Frank S. Roberts.

Appeal from a conviction of murder; penalty, death.
The opinion states the case.

*E. M. Cape,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, PRESIDING JUDGE.—Appellant was convicted of murder and the death penalty assessed.

There are but few questions raised which are necessary to be decided. We have carefully studied the evidence shown by the statement of facts. In view of the disposition we must make of the case on this appeal, we do not discuss the evidence. It clearly raised murder in both the first and second degrees and was sufficient to have sustained a verdict under either.

The appellant made a motion to change the venue. This was contested by the State and the affidavits of several persons showed that appellant was not entitled to a change of venue. As the matter is presented, the court correctly overruled appellant's motion for a change of venue.

He also sought to quash the indictment on two grounds. First, that the commissioners, in selecting the grand jurors, unlawfully discriminated against Mexicans and that there was no Mexican on the grand jury. The commissioners were appointed and selected the grand jurors which preferred the indictment herein against appellant some time before this offense is alleged to have been committed. They testified on appellant's motion on this ground and their testimony shows that no discrimination was made against Mexicans or any other race and the court correctly held this no ground to quash the indictment.

The other ground was that only eleven of the grand jurors who were selected by the commissioners were present and qualified as such and that the sheriff summoned one talesman under the order of the court who was selected to complete the jury panel. Appellant's complaint on this ground is that the sheriff was not sworn before he summoned this talesman. No complaint whatever was made of this at the time the grand jury was empaneled. The indictment was preferred by the grand jury and filed in the court September 16, 1913. This trial occurred October 10, 1913. No complaint on this score was made by appellant until at the trial. Under the circumstances this was entirely too late for appellant to make this objection and the court correctly overruled his motion to quash the indictment on that account.

Some question is made of the refusal of the court to permit appellant to further examine one of the jurors in his voir dire, who had already been accepted by both sides and sworn as such juror. It is unnecessary to pass upon this question for it doubtless can not occur on another trial.

The killing occurred on June 7, 1913, and it is so charged in the indictment. Before the trial began, and all during the trial, the appellant,

as he expresses it, elected to be tried under the old murder law as it existed at the time the offense, if any, occurred. The court refused this and instead tried him under the new murder law which went into effect July 1, 1913. The appellant not only raised the question and sought to be tried under the old law, but expressly electing to do so, before the trial began, but objected to the court's charge in not doing so, and requested special charges correctly submitting murder in the first and second degrees under the old law, which special charges the court refused. He also so complains of the various matters in his motion for new trial.

We deem it unnecessary to copy the court's charge. It is sufficient to say that by it he submitted murder only. He did not submit, in specific terms, murder in the first degree, nor in the second degree, nor did he submit murder in such terms as to make the distinction between the two degrees.

This court, in several cases tried for alleged murder committed before the new statute went into effect, but tried afterwards, has already held that unless the appellant expressly himself elects to be tried under the new law he must be tried under the old, but as to murder in the first degree, the new law ameliorating the penalty, as to that degree the punishment fixed by the new must be charged. The statutes also expressly require this. We, therefore, deem it unnecessary to further discuss the question in this case. Articles 15, 17, 18 and 19, Penal Code; Hill v. State, 72 Texas Crim. Rep., 109, 161 S. W. Rep., 118; Shaw v. State, and Cook v. State, both recently decided.

What we have said about being tried under the old law is meant as to the offense itself and the punishment therefor prescribed under articles 1140, 1141, 1142, 1444, Penal Code, before amendment by the Legislature in 1913, p. 238. But although the offense was committed before the amendment of these articles of the Penal Code, yet, the amended articles of the Procedure, articles 735, 737, 737a and 743, as amended by the Act of April 15, 1913, p. 278, must be followed in all trials whether the offense was committed before or after the said Penal Code was amended. James v. State, 72 Texas Crim. Rep., 457, and Wright v. State, both recently decided, but not yet reported. Barnett v. State, 42 Texas Crim. Rep., 302. For the error above shown, the judgment is reversed and the cause remanded.

*Reversed and remanded.*