### SABAS CASTILLO V. THE STATE.

No. 3361. Decided December 23, 1914.

Rehearing denied January 20, 1915.

**1.—Murder—Sufficiency of the Evidence—Charge of Court.**

Where, upon trial of murder, the evidence sustained the conviction, there was no error in refusing a requested charge to find the defendant not guilty.

**2.—Same—Accomplice—Charge of Court—Indictment.**

Where, upon trial of murder, the evidence did not raise the issue of accomplice testimony, there was no error in the court's failure to charge thereon. The mere fact that the State's witness had been indicted charged with the same murder without any showing that the cause had been dismissed against him to obtain his testimony this would not make him an accomplice.

**3.—Same—Punishment—Murder in First Degree.**

Where, upon trial of murder, counsel for defendant requested the court to charge the old law of murder and the court's charge was so prepared with ameliorated punishment as to murder of the first degree, the defendant could not complain, the court charging specifically on murder in the second degree.

**4.—Same—Principal—Sufficiency of the Evidence.**

Where, upon trial of murder, the evidence justified the jury to find that the defendant and another acted together in the commission of the offense, and the court properly instructed the law on principals, there was no reversible error in finding defendant guilty of murder.

Appeal·from the District Court of Comal. Tried below before the Hon. Frank S. Roberts.

Appeal from a conviction of murder; penalty, ninety-nine years imprisonment in the penitentiary.

The opinion states the case.

*Fred N. Cowen* and *Wm. H. Russell,* for appellant.—On question of insufficiency of the evidence: Renner v. State, 65 S. W. Rep., 1102; Bibby v. State, 65 S. W. Rep., 193; Faulkner v. State, 65 S. W. Rep., 1093; Cecil v. State, 72 S. W. Rep., 197; Rios v. State, 68 S. W. Rep., 987; Mitchell v. State, 36 S. W. Rep., 456; Snowberger v. State, 58 Texas Crim. Rep., 530, 126 S. W. Rep., 878; Dixon v. State, 51 Texas Crim. Rep., 555, 103 S. W. Rep., 399.

On question of punishment: Slaughter v. State, 24 Texas, 410; Brown v. State, 99 S. W. Rep., 1001; Steele v. State, 81 S. W. Rep., 962.

*C. E. Lane,* Assistant Attorney General, for the State.

HARPER, JUDGE.—Appellant was convicted of murder, and his punishment assessed at ninety-nine years confinement in the State penitentiary.

This is a companion case to that of Sango Ybarra from Hays County, recently decided by this court. In this case the venue was changed from Hays to Comal County. The evidence would authorize a finding that either appellant or Sango Ybarra, while acting together, cut Deputy Sheriff John Davis in a manner to bring about his death, the evidence preponderating in favor of the theory that Ybarra struck the fatal blow, while appellant had hold of deceased's hands.

Appellant, in his brief, earnestly insists that the evidence will not sustain the conviction. We have carefully reviewed the record and are of the opinion that the evidence is ample to sustain the finding of the jury.

In the first bill of exceptions appellant complains that the court erred in refusing to give his special charge requesting the court to instruct the jury to bring in a verdict of not guilty. Being of the opinion that the evidence sustains the verdict, we hold that the court did not err in refusing to give this charge.

In the next bill it is complained that the court erred in failing to charge the jury the law relating to accomplice testimony. No special charge was presented to the court embracing the law in regard to accomplice testimony, and the exception to the charge as given was very general. We gather, though, that his ground relates to the testimony of the witness Pedro Ortego. If he was an accomplice or accessory to the crime of killing Davis, of course the court should have so instructed the jury. The testimony of Ortego would not raise that issue, nor would any other testimony adduced on the trial, unless it be the fact that Ortego was at one time charged by indictment with the offense of murder in connection with the killing of Davis. If the mere fact that Ortego had been indicted charged with the murder of Davis makes him either an accomplice or an accessory, then the court erred in not submitting

that issue to the jury. The case against Ortego had been dismissed, but there is no evidence, not even a question asked, that would suggest or indicate that the indictment against him had been dismissed to obtain his testimony against appellant. There is no evidence that he was jointly indicted with appellant, or that the indictment against him charged that he and appellant were connected in the commission of the offense. The mere fact is shown that Ortego was at one time indicted, charged with the murder of Davis, which indictment was dismissed, the record merely showing: "It was agreed by counsel for the State and the defendant that the witness, Pedro Ortego, was indicted on a charge of murder growing out of the same offense for which the defendant, Sabas Castillo, is now being tried; and that said indictment against the said Pedro Ortego was dismissed." This agreement is not followed up with any evidence that appellant and Ortego were in any way connected in the commission of the offense, or that the charge against Ortego had been dismissed to obtain his testimony. No question is even asked that would suggest such a theory. Therefore we must presume that the facts would not raise even a suspicion that such was the true state of the case. If the evidence even in the remotest degree raised the issue that the indictment against Ortego had been dismissed to obtain his testimony against appellant, then the issue of whether or not he was an accomplice should have been submitted to the jury. But in the condition this record is in, and the evidence of Ortego excluding such an issue or theory, and no other evidence being offered other than the mere fact that an indictment had been returned, which upon investigation was dismissed, we can not hold that the court erred in failing and refusing to submit the issue of whether or not Ortego was an accomplice.

In the next bill it is complained that the court erred in failing to instruct the jury that the punishment for murder in the first degree was death or imprisonment for life, and in instructing that the punishment for murder in the first degree was by death or confinement in the penitentiary for any number of years not less than five years. In refusing to approve the bill the court states: "At the conclusion of the trial in this case counsel for defendant requested the court to charge the old law. The charge was so prepared with ameliorated punishment as for murder in the first degree, under authority of case, State v. Sango Ybarra, companion case of this one decided by the Court of Criminal Appeals. I have no recollection of counsel reserving the above bill of exceptions No. 3. Before the charge was read to the jury and while in hands of counsel for inspection and objection, counsel did verbally call the attention of the court to omission of the words 'first degree' in paragraph defining murder in the first degree, which omission was supplied and the charge handed back to counsel for defendant for further objections or exceptions, and no other objections or exceptions were presented except those reduced to writing at the time and filed as a part of the record in the case, and the foregoing bill is therefore disallowed." The court in his charge defined murder in the first and

second degree, and submitted the punishment for each degree under the old law, except that in murder in the first degree he authorized the jury to assess the punishment at death, or imprisonment for life, or any number of years not less than five years. The jury was specifically instructed the law as to murder in the second degree, and the punishment therefor, the law of manslaughter and the punishment therefor. In authorizing the jury to assess the ameliorated penalty now prescribed for murder in the first degree if they saw proper to do so, if the court erred, it was error of which appellant can not be heard to complain, as the law of murder in the second degree was specifically given him in charge.

These are all the bills of exception in the record, and the other matters complained of in the motion for a new trial are not presented in a way we can consider them.

The judgment is affirmed.

*Affirmed.*

### ON REHEARING.

#### January 20, 1915.

HARPER, JUDGE.—Appellant has filed a motion for rehearing in which he earnestly insists that the evidence is insufficient to show that appellant acted with Sango Ybarro in such a way as to constitute him a principal, and he insists that the evidence not only preponderates, as held by the court, in favor of the theory that Sango Ybarro struck the fatal blow, but that it excludes the idea that appellant did so. To admit as true that the evidence shows that Ybarro struck the fatal blow, yet we think it clearly authorized the jury to find that appellant was present and acted in such a way as to constitute him a principal. John Davis, the man who was killed, immediately after he was cut told Jim Hughes "these Mexicans have cut me all to pieces; they held me; and he had shot the man who cut him, and it was Sango Ybarro who cut him." A witness for the State testified that appellant was the man who held John Davis when Ybarro cut him; that they were tussling, and he called to appellant to turn Davis loose. That appellant was holding Davis when Ybarro said: "Now you will see, you s—n of a b—h," and the evidence discloses that it was at this time the fatal blow was struck. The appellant did not testify, and there was no evidence introduced by him that questioned the correctness of the above testimony. So the jury would be authorized to find under it that appellant and Davis were scuffling when the witness called to him to turn loose, but instead of doing so he held him while Ybarro inflicted the fatal wound. The court instructed the jury:

"All persons are principals who are guilty of acting together in the commission of an offense. When an offense is actually committed by one person, but another is present, and knowing the unlawful intent, aids, by acts, or encourages by words, or gestures, the one engaged in the commission of the unlawful act, he is, a principal offender, and may be prosecuted and punished as such.

"I charge you that in this cause Sabas Castillo is alone upon trial; and, in this connection, you are further charged that the said Sabas Castillo can not be held responsible for the acts of Sango Ybarro, unless you believe from the evidence, beyond a reasonable doubt, that he, Sabas Castillo, intentionally encouraged or aided Sango Ybarro, by words or acts, to cut the said John Davis, and unless you so believe, beyond a reasonable doubt, you will acquit the defendant."

It is thus seen the court fairly submitted the issue to the jury, and the jury finds against him as it would be authorized to do under the evidence offered in behalf of the State.

We do not deem it necessary to discuss the other questions again, as they were all passed on in the original opinion.

The motion for rehearing is overruled.

*Overruled.*