WILL GIBBS v. THE STATE.

No. 3847. Decided December 1, 1915.

Murder—Charge of Court—Practice on Appeal—Punishment.

Where, upon trial of murder, committed before the amendment to the murder statute doing away with the two degrees of murder, etc., no objection was made to the charge of the court which submitted the punishment now fixed

for murder by the new statute, and no request having been made that the court should charge the penalty under the old .law, a complaint to the court's charge for the first time being made in the motion for a new trial came too late, and there was no reversible error. Following Castillo v. State, 75 Texas Crim. Rep., 643, and other cases.

Appeal from the Criminal District Court of Harris. Tried below before the Hon. C. W. Robinson.

Appeal from a conviction of murder; penalty, fifty years imprisonment in the penitentiary.

The opinion states the case.

*Kahn & Williams,* for appellant.—On question of court's charge on penalty: New v. State, 34 Texas, 100; Porter v. State, 36 id., 104; Buford v. State, 44 id., 525; Veal v. State, 8 Texas Crim. App., 474; Perez v. State, 8 id., 610; Noftsinger v. State, 7 id., 301; Howard v. State, 35 Texas Crim. Rep., 136; Kendall v. State, 55 Texas Crim. Rep., 139.

*C. C. McDonald,* Assistant Attorney General, *John H. Crooker,* District Attorney, *T. J. Harris,* and *E. T. Branch,* for the State.—Cited cases in the opinion.

PRENDERGAST, PRESIDING JUDGE.—From a conviction of murder with fifty years in the penitentiary as the punishment, appellant prosecutes this appeal.

There is no statement of facts and but one bill of exceptions. The indictment charged that the offense of murder was committed before the amendment to our murder statute doing away with the two degrees and fixing a different penalty for those degrees was in force. In so far as the elements of the offense was concerned, the court's charge was under the old law, but in telling the jury the penalty for murder in the first degree, gave the punishment now fixed for murder by the new statute. No objection was made to the charge of the court at the time on that ground, but he complained of this feature of the charge first in his motion for a new trial. The jury found him guilty of murder in the first degree and assessed his punishment as stated. The court in approving appellant's bill on this subject modified and explained it as follows:

"The murder for which the defendant was indicted was prior to the Act of the Legislature abolishing the degrees of murder. The court inquired of counsel for the defendant after the conclusion of the evidence whether they desired the court to define murder under the old law, that is to say, define the two degrees of murder or whether he would define murder as it is now defined by the statutes.

"The court did not, as counsel says, ask the counsel if he desired him to charge the penalty under the old law of murder in the first or second degree nor was any such suggestion made by the court nor by the counsel representing the defendant. In answer to the court's inquiry counsel suggested that they would prefer that murder be defined

as under the old law, that is, to define both degrees of murder. Counsel did not at that time or at any other time request the court to charge the penalty as it stood under the two degrees."

The court's charge as to the penalty is, therefore, correct, and appellant's bill presents no error. P. C., arts. 15 and 17; Maul v. State, 25 Texas, 166; Haynes v. State, 2 Texas Crim. App., 84; Allen v. State, 7 Texas Crim. App., 298; Noftsinger v. State, 7 Texas Crim App., 301; Veal v. State, 8 Texas Crim. App., 474; Rich v. State. 9 Texas Crim. App., 176; McInturf v. State, 20 Texas Crim. App., 335 : Howard v. State, 35 Texas Crim. Rep., 136, 32 S. W. Rep., 544; Kendall v. State, 55 Texas Crim. Rep., 139, 114 S. W. Rep., 833; Ybarra v. State, 73 Texas Crim. Rep., 70, 164 S. W. Rep., 10, and cases therein cited; Echols v. State, 75 Texas Crim. Rep., 369, 170 S. W. Rep., 786; Castillo v. State, 75 Texas Crim. Rep., 643, 172 S. W. Rep., 788. Other recent cases to the same effect might be cited, but we deem it unnecessary.

The judgment is affirmed.                                    *Affirmed.*