### Ezra Williams v. The State.

#### No. 4836. Decided February 5, 1919.

**1.—Burglary—Insufficiency of the Evidence—Identity—Accomplice.**

Where, upon trial of burglary, the conviction was based on property taken in exchange of the alleged stolen property, but the identification of said property taken in exchange was not sufficient to corroborate the accomplice testimony, the conviction could not be sustained.

**2.—Same—Case Stated—Identification—Secondary Evidence.**

Where, upon trial of burglary, certain casings of an automobile were alleged to have been stolen in the burglary, and an accomplice testified that he and defendant had exchanged these casings for certain automobile tires which were claimed by the State to have been found in possession of defendant, and it appeared that these tires bore certain numbers which were written on the tags attached thereto when sold, but these tags or their loss were not accounted for, nor sufficient evidence was introduced as to the identity of the numbers or tires, the introduction in evidence of certain slips of paper upon which data was made when the alleged tires were taken from the defendant were not the best evidence and inadmissible to identify the said tires, in as much as the State had undertaken to definitely identify them by the fact that the numbers moulded on the tires coincided with the numbers on the tags which had been taken off of them.

Appeal from the District Court of Montague. Tried below before the Hon. C. F. Spencer.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*H. F. Weldon, J. W. Chancellor,* and *W. W. Alcorn,* for appellant.— On question of secondary evidence: Johnson v. State, 42 Texas Crim. Rep., 441, 60 S. W. Rep., 667.

*E. A. Berry,* Assistant Attorney General, for the State.

MORROW, Judge.—The conviction is for burglary. The theory of the State, supported by the testimony of the accomplice, Ross, corroborated by circumstances proven by other witnesses, was that appellant and Ross broke open a private garage situated at Bowie and stole from an automobile therein the casings that were on it; that they took them to Wichita Falls and there disposed of them. Ross testified that two of the casings were exchanged with the owners of an automobile supply house in Wichita Falls, which other evidence discloses belonged to the

witnesses Waites and Nickles. In the exchange Waites and Nickles, according to their evidence, delivered to the appellant and accomplice two new Fisk automobile tires. There was evidence that subsequently there were found in the possession of the appellant two new Fisk automobile tires, and upon this circumstance the State relied in part to connect him with the offense. The Fisk tires, at the time they were found in appellant's possession, were still wrapped in the paper put on them at the factory. They each had molded on them the factory numbers, one having the number W-742528; the other having number E-352923. Waites and Nickles were customers of a wholesale supply house owned and managed by the witness Sanders, and were in the habit of buying a large number of tires from Sanders each month. From Sanders' testimony it appeared that he had sold a number of Fisk tires to Waites and Nickles; that at the time of the transaction he made no record of the sale further than to retain in his possession the paper tags that were placed on the tires at the factory, which paper tags had endorsed on them the same numbers as those molded in the tires; and that he wrote on the tags which he retained the name of the purchaser. He was unable to recollect the numbers or other description of the tires in question, and was unable to produce the tags mentioned, but testified that according to his best recollection he had, when the question arose about the matter, delivered the tags to Waites and Nickles. Waites and Nickles were both used by the State as witnesses and neither of them gave any testimony touching the tags or the number of the casings in question.

At the time the two tires were gotten from the possession of the appellant the witnesses Adams and Cunningham were present. The State introduced a slip of paper with certain memoranda on it, which slip of paper is described in the testimony of Adams as follows: "I have seen that slip before (examines slip of paper handed him by State's counsel). Different parties wrote that. Mr. Nickles wrote the biggest part of it, particularly the upper part. He wrote the top, '34 by 4, plain modern, United States casing, and 32 by 3, plain modern.' I suppose he meant Fisk tires, and two gray tubes, 34 by 4 and he wrote this, 'W742528 and E 352923.' As to who wrote the other will say Mr. Cunningham wrote what you called to him to write,—the address, 263 Ohio. And Mr. Cunningham wrote these when he got that couple of new tires at Ezra Williams' home. They compared exactly."

In this testimony we are furnished the only information that we have in the record concerning the manner in which the tires found in appellant's possession were identified as the tires which it was claimed by the accomplice were received by him and appellant from the witnesses Waites and Nickles. The tags were not produced, and as above stated, no inquiry was made from Waites and Nickles with reference to their loss or their contents.

From the above testimony of Adams we infer that the slip of paper which was introduced in evidence, and described in his testimony, was

made from the data found upon the cards or tags which, according to the theory of the State, had been originally attached to the tires. This testimony was objected to as secondary evidence introduced without the proper predicate, and we regard this objection as one that should have been sustained, and are further of the opinion that the evidence of Adams quoted is not sufficiently specific to show its admissibility even if the loss of the cards had been fully accounted for. He does not purport to recall from recollection the numbers that are endorsed on the cards or the other data that appeared thereon, nor does he undertake to say, nor does he state or otherwise prove, that the endorsements upon the slip of paper were the same as those that were on the cards. From the record we find nothing that is legally sufficient to enable the jury to have decided that the numbers on the cards were the same as those which were on the slip of paper introduced in evidence and described by the witness Adams. Wyers v. State, 13 Texas Crim. App., 57; Huff v. State, 23 Texas Crim. App., 294; Wade v. State, 37 Texas Crim. Rep., 401; Johnson v. State, 42 Texas Crim. Rep., 441; Jacobs v. State, 42 Texas Crim. Rep., 359; McConico v. State, 61 Texas Crim. Rep., 48.

We do not think it would have been necessary for the State to have identified the tires in the possession of the appellant with those gotten from Waites and Nickles by the numbers or to have used the cards in evidence for that purpose provided they could have produced other evidence, circumstantial or otherwise, to establish the identity. Under the circumstances developed from the evidence the fact that appellant had in his possession two new Fisk tires would, we think, have been admissible as a circumstance against him, although the identity with those obtained from Waites and Nickles in exchange for the stolen tires was not definitely established; but from such testimony the jury might or might not have believed that they were the same tires. The State, however, having undertaken to definitely identify them by the fact that the numbers molded on the tires coincided with the numbers on the tags which had been taken off the tires, and having introduced the slip of paper and Adams' testimony in evidence for that purpose, it was doubtless construed by the jury, the court having admitted it, as a cogent fact going to establish the identity of the tires in appellant's possession with those obtained in exchange for the fruits of the crime; and for this reason we regard it of such importance that its illegal admission in evidence constitutes an error requiring a reversal of the case, which is ordered.

*Reversed and remanded.*