**David E. AUGHTS, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 35348.

Court of Criminal Appeals of Texas.

Feb. 13, 1963.

Billy C. Powell, Houston, for appellant.

Frank Briscoe, Dist. Atty., Houston, Carl E. F. Dally and Jimmy R. James, Asst.

Dist. Attys., Houston, Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

The offense of assault to murder with malice was charged in the indictment, but the jury found appellant guilty of assault to murder without malice and assessed his punishment at three years.

Smith Harris, the injured party, parked his automobile in front of a cafe. His step-son, Andrew Johnson, who was with him, waited in the car while Harris was in the cafe. The appellant, who was alone, drove in front of the cafe to park his car and it struck the one occupied by Johnson. The appellant got out and said to Johnson, "Get out of the car, nigger." When Johnson stepped out the appellant pulled a pistol from under his shirt, kicked and shoved him, pointed the pistol in his face and pulled the trigger twice, causing it to "snap" but it did not fire. At this time Harris came from the cafe to his car and asked what was wrong. Then appellant asked Harris if he was the boy's father. When Harris said he was, the appellant said, "I am going to kill you" and "Get back and get your hands up." After Harris stepped back and while holding up his hands, the appellant shot him in the stomach with a .38 pistol.

Neither Johnson nor Harris had any kind of weapon or made any threatening gestures, and both testified that they had never before seen the appellant. The appellant immediately left the scene in his car; and after obtaining an attorney he surrendered to the police three days after the shooting.

Testifying in his own behalf, the appellant stated that when he drove in front of the cafe, Johnson was backing away and almost hit his car. They argued about the parking place. Appellant denied threatening him with a gun. Then Harris came out of the cafe cursing, appeared to be drinking, and told appellant that if Johnson wanted the parking place he would get it. When the appellant told Harris he was not

giving up his parking place, Harris shoved him back into his car which had the door open. Then Harris stepped back, ran his hand inside his shirt, and appellant grabbed his .38 pistol from the seat of his car and shot him because he thought Harris was going to shoot him. The testimony of a defense witness substantially corroborated that of the appellant.

The court charged an assault to murder with and without malice, aggravated assault, and the law of self defense against real and apparent danger. There were no objections to the charge.

It is insisted that the court erred in charging an incorrect penalty as applicable to assault to murder with malice.

The indictment charged and the uncontradicted evidence shows that the difficulty occurred August 13, 1960. The trial was had June 18, 1962. Art. 1160, P.C., Vernon's Ann.P.C. art. 1160, which prescribes the penalty for assault with intent to murder with malice was amended in 1961. Before amendment the penalty applicable to this case was from two to fifteen years and after amendment, from two to twenty-five years.

▆ The original charge of the court authorized the punishment to be assessed according to the statute after amendment. Before the jury returned its verdict the court amended its charge to conform to Art. 1160, supra, before it was amended. The jury's verdict specifically finds appellant guilty of assault with intent to murder without malice.

Art. 13, P.C., provides that an accused shall be tried under the law in force when the offense was committed unless the punishment is ameliorated. The amendment here increased the penalty.

The amendment of the charge of the court as shown, the finding that he committed the offense without malice, and in the absence of any showing that the penalty provision in the original charge preju-

diced his rights with the jury, no error is presented.

■ Appellant contends that the trial court erred in admitting in evidence a copy of the testimony of Andrew Johnson given on the examining trial over his objection that Johnson was present and able to testify about such facts.

The appellant cross-examined Johnson by reading from his testimony given at the examining trial. This authorized that portion of the statement offered by the state which was on the same subject. Art. 728, C.C.P. Further, an examination of Johnson's testimony on the examining trial and the main trial shows no material differences. The contention presents no error.

■ The evidence is sufficient to support the conviction and no error appearing, the judgment is affirmed.

Opinion approved by the Court.