Jack James KIRK, Appellant,

v.

The STATE of Texas, Appellee.

No. 39384.

Court of Criminal Appeals of Texas.

March 9, 1966.

Rehearing Denied May 4, 1966.

Brown & Shuman, by Clifford W. Brown, Lubbock, for appellant.

Fred E. West, County Atty., Wm. Quinn Brackett, Asst. County Atty., Lubbock, and Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Presiding Judge.

The offense is driving and operating a motor vehicle upon a public highway while under the influence of intoxicating liquor; the punishment as assessed by the jury is six months in the county jail and a fine of $200.00.

The evidence shows that appellant had been drinking beer while riding around in his automobile and also drank at the Club 87, where he stayed until about closing time at midnight on the evening of June 21, 1963.

Shortly thereafter, Highway Patrolman E. B. McKnight observed appellant's automobile weaving on Highway 87 about two miles south of Lubbock, Texas, and about a fourth of a mile north of the Club 87. He further observed appellant's automobile swerve radically from one side of the road to the other as appellant passed another vehicle, and that upon completing this maneuver, appellant at one time went off on the gravel shoulder of the highway. The officer stopped the car, and when appellant got out, he had to use the side of his automobile for support. He then told the officer, "I guess I just got too drunk." In the opinion of the officer, appellant was intoxicated.

A blood sample taken from appellant at his request indicated that his blood contained .18% alcohol, and Eldon Straughan, toxicologist for the Texas Department of Public Safety who analyzed the blood sample, testified that in his opinion the person from whom the specimen was taken was intoxicated at the time the blood was removed from his person, which was about 30 minutes after appellant's arrest.

Appellant took the stand and admitted that he had consumed seven beers, but maintained that he was not intoxicated.

■ The evidence is sufficient to sustain the conviction.

Appellant objected to the court's charge, and contends that the jury was erroneously instructed as to the punishment authorized for the offense of driving while intoxicated.

The Court charged that if the jury found appellant guilty, they would "fix his punishment at confinement in the county jail for not less than three (3) days nor more than two (2) years, and by a fine of not less than Fifty Dollars ($50.00) nor more than Five Hundred Dollars ($500.00); * * *."

■ Appellant contends that it was error for the court to refuse his request that the jury be instructed that part of the penalty

for driving while intoxicated is an automatic suspension of the violator's license to drive for a period of not less than six months. Section 24, Article 6687b, Vernon's Ann.Tex.Civ.St.

He concedes that the consistent holding of this Court has been that suspension of an accused's operator's license upon conviction for driving while intoxicated is not a question for the jury's consideration. Harward v. State, Tex.Cr.App., 398 S.W.2d 127, and cases therein cited. He argues, however, that these cases no longer control, because of the recent amendment to Article 6687b, which, among other things, added the following provision to that statute:

" 'The suspension or revocation of a license.' Shall be considered as a penalty and subject to executive clemency as any other fine or punishment." Subsection (r), Section 1, Article 6687b.

Appellant contends that the automatic suspension of his license is now a part of the punishment for the offense with which he was charged, and that the court's instruction as to the punishment to be assessed should have so informed the jury.

Without passing on the soundness of appellant's reasoning, we find no merit to this contention. He was shown to have committed the offense on June 22, 1963. The amendment of Article 6687b upon which appellant relies became effective on August 30, 1965. Appellant was tried on September 2, 1965.

Article 13, Vernon's Ann.P.C. provides that:

"When the penalty for an offense is prescribed by one law and altered by a subsequent law, the penalty of such second law shall not be inflicted for an offense committed before the second shall have taken effect. In every case the accused shall be tried under the law in force when the offense was committed, and if convicted punished under that law; except that when by the provisions of the second law the punishment is ameliorated he shall be punished under the second unless he elect to receive the penalty prescribed by the law in force when the offense was committed."

■ Before the amendment to Article 6687b, it is undisputed that the authorized punishment for driving while intoxicated, as interpreted by this Court, was confinement in jail and assessment of a fine. Article 802, Vernon's Ann.P.C. See Harward v. State, supra; Davison v. State, 166 Tex. Cr.R. 376, 313 S.W.2d 883. After the effective date of the amendment, if we were to accept appellant's reasoning, we would necessarily be led to the conclusion that the authorized punishment for that offense would be confinement in jail, assessment of a fine, and suspension of the privilege to drive. If the amendment did change the punishment authorized for driving while intoxicated, it cannot be contended that such punishment was thereby ameliorated. Appellant was properly tried under the law in force when the offense was committed, and the court correctly charged on the punishment to be assessed. Aughts v. State, Tex.Cr.App., 364 S.W.2d 689; Kendall v. State, 55 Tex.Cr.R. 139, 114 S.W. 833. See also Bedwell v. State, 142 Tex.Cr.R. 599, 155 S.W.2d 930; Davis v. State, 142 Tex. Cr.R. 602, 155 S.W.2d 801; Murray v. State, 1 Tex.App. 417; Maul v. State, 25 Tex. 166.

We have examined the portions of the state's argument objected to by appellant, and find no error in the overruling of these objections, nor is error presented by appellant's remaining informal bills of exception.

The judgment is affirmed.

WOODLEY, Judge (concurring).

As I understand the majority opinion it holds, in effect, that the suspension or revocation of a license to operate a motor vehicle upon a public road or highway is not subject to executive clemency unless the offense which resulted in such suspension

 

or revocation was committed after the effective date of the amendment of Art. 6687b, Vernon's Ann.Civ.St. (August 30, 1965).

I do not so construe the statute.

The amendment of Art. 6687b, V.C.S. does not alter my view that "[a] jury would not be authorized * * * to assess a lesser fine or shorter jail term because the defendant would automatically lose his license to drive a motor vehicle. Aside from the punishment by fine and jail term which the court explained to the jury, other effects of a conviction were not material and were properly excluded." (quote from my dissent in Davison v. State, 166 Tex. Cr.R. 376, 313 S.W.2d 883, 885)