Curtis Allen LESLIE, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 39685.

Court of Criminal Appeals of Texas.

June 1, 1966.

As Amended on Denial of Rehearing Oct. 12, 1966.

Second Rehearing Denied Dec. 31, 1966.

Paul Leech, Grand Prairie, for appellant.

Henry Wade, Dist. Atty., Donald D. Koons, Michael N. Buckley and W. John Allison, Jr., Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is driving while intoxicated; the punishment, 30 days in jail and a fine of $150.00.

An officer's attention was directed to appellant when his automobile collided with an automobile in front of his. Lt. Wilson arrived upon the scene and carried appellant to the Mesquite Police Station. Both he and Officer Rice testified that appellant smelled strongly of intoxicants and that as Lt. Wilson began to interrogate appellant, he became very white, vomited and fell twice into the vomit. Officer Rice further testified that the vomit smelled of alcohol, that appellant urinated on himself, and that he had to be assisted to a cell. Both officers testified that appellant was, in their opinion, very drunk.

Appellant did not testify or offer any evidence in his own behalf.

Appellant's principal claim for reversal is founded in the action of the court in sustaining the State's motion to instruct appellant's counsel not to refer to the loss of his operator's license upon a conviction for driving while intoxicated as a part of the punishment.

The case at bar is unlike our recent case of Harward v. State, Tex.Cr.App., 398 S.W. 2d 127, and was tried after the effective date of the Amendment of Sec. 1, Subsec. (r) of Article 6687B, Vernon's Ann.Civ.St., which now reads, " 'The suspension or revocation of a license.' Shall be considered as a penalty and subject to executive clemency as any other fine or punishment."

In the light of this amendment we must reappraise the opinion of the majority on rehearing in Davison v. State, 166 Tex.Cr. R. 376, 313 S.W.2d 883.

This amendment is still not "any punishment prescribed by this Code", as is provided by Article 47, Vernon's Ann.P.C.

Article 802, Vernon's Ann.P.C., which announces driving while intoxicated and prescribes the penalty therefor, was not amended in 1965.

Trial was had and notice of appeal was given prior to January 1, 1966, and the enactment of Article 37.07, V.A.C.C.P. does not affect our disposition of this case.

**118**

We have concluded that the action of the Legislature in amending the civil statutes so as to enable the Board of Pardons and Paroles and the Governor to grant restoration of a license to drive upon the public highway does not make it a part of the punishment prescribed by the Penal Code. The authorities cited in Davison, supra, are still controlling, and the court did not err in sustaining the motion.

Appellant objected to several portions of the prosecutor's argument. We will set forth the most questionable portions:

"There is absolutely no evidence in this case to show that the defendant was intoxicated and was sick from any other reason other than drinking of too much alcoholic beverages.

As I was saying, there is no evidence in this case that the defendant in this cause was sick on the night for any other reason than being too drunk. He was sick by the evidence.

As a matter of fact, the only evidence in this case is that the defendant was sick because he had had too much to drink. You all recall the testimony in this regard."

We do not find this to be an indirect reference to appellant's failure to testify because there were many sources from which the evidence in question might have been elicited other than from appellant. Gillingham v. State, 167 Tex.Cr.R. 116, 318 S.W.2d 659, and cases there cited.

Finding the evidence sufficient to sustain the conviction and no reversible error appearing, the judgment is affirmed.

WOODLEY, Judge (concurring).

The writer concurs in the affirmance of the conviction for the reasons stated in his Dissent in Davison v. State, 166 Tex.Cr.R. 376, 313 S.W.2d 883, 885, and his Concurring Opinion in Kirk v. State, Tex.Cr.App., 401 S.W.2d 596.