## J. E. HAWORTH V. THE STATE.

No. 17783. Delivered November 27, 1935.

The opinion states the case.

A. A. *Kern* and *Robert C. Benavides*, both of Dallas, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The offense is driving an automobile while intoxicated; penalty assessed at confinement in the penitentiary for two years.

By indictment it is charged that the appellant, during the year 1934, while intoxicated, unlawfully drove an automobile upon a public highway. The offense is denounced by Art. 802, P. C., 1925, and by Art. 802a, which was enacted by the Acts of the 42nd Legislature, Regular Session, p. 268, chapter 162.

Art. 802a reads as follows: "In all cases where a defendant is convicted of driving a motor vehicle while under the influence of intoxicating liquor or narcotics, the Jury at the same time shall add to their verdict the length of time that the defendant shall be prohibited from driving any motor vehicle on the highways of this State not to exceed two years. The Judge of the Court where such conviction is had shall cause to be entered on the Minutes of the Court an order prohibiting such defendant from driving any motor vehicle for a period of time found by the Jury. Any person violating such an order shall be deemed guilty of contempt and be punished in the manner now provided for contempt."

The verdict in the present case is as follows: "We, the jury, find the defendant guilty as charged in the indictment, and assess his punishment at two years in the State Penitentiary, and we further find that the defendant shall be prohibited from driving any motor vehicle on the highways of the State of Texas for a period of two years."

Upon the verdict rendered and accepted by the court the appellant was prohibited from driving any motor vehicle on the highways of the State of Texas for a period of two years.

It is the appellant's contention that Articles 802 and 802a, supra, are distinctive of each other as to offend against Article 18 of the Penal Code, which reads as follows: "No penalty affixed to an offense by one law shall be cumulative of penalties under a former law, and where a new penalty is prescribed for an offense, the penalty of the first law shall be considered as repealed, unless the contrary be expressly provided in the law last enacted."

If understood by the members of the court, the contention

of the appellant presents the same legal proposition as that which was passed upon by the court in the case of Williams v. State, 76 S. W. (2d) 511. The applicable part of the opinion in that case is as follows:

"In addition to assessing the penalty, the verdict contains the following: 'We further find that the defendant be prohibited from driving a motor vehicle on any of the public highways of this State for a period of 2 years.'

"The verdict and judgment are in accord with article 802, P. C., 1925, and article 802a, as added by the Acts of 42d Leg. Regular Session, c. 162, p. 268, sec. 1, (Vernon's Ann. P. C., Arts 802, 802a)."

The statute in question is not regarded as offending against the principles set forth in Art. 18, supra. The amendment of the statute is not deemed obnoxious to the principles stated in Art. 18, quoted above, relied upon by the appellant.

Aside from the foregoing there is nothing presented in the record which would justify a reversal or further discussion.

The judgment is affirmed.

*Affirmed.*