## S. B. SHARP v. THE STATE.

No. 18086. Delivered March 4, 1936.
Rehearing Denied May 20, 1936.

The opinion states the case.

*Baskett & Parks*, of Dallas, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is driving an automobile on a public street in an incorporated city while intoxicated; the punishment, a fine of fifty dollars and confinement in jail for ninety days.

The record is before us without a statement of facts.

It is appellant's contention that the penalty provided in Art. 802, P. C., was repealed by chap. 162, Acts 42nd Legislature, Regular Session. In Haworth v. State, 88 S. W. (2d) 115, this court reached the conclusion that said last mentioned act did not have the effect of repealing the penalty set forth in Art. 802, supra.

Our examination of the record leads us to the conclusion that error is not presented.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—Appellant contends that we were in error in holding that Chapter 162, Acts of the 42nd Legislature, Regular Session, did not have the effect of repealing the penalty provided in Art. 802, P. C., for driving an automobile upon a public road while intoxicated. His position is that said Chapter 162 provides a penalty which is cumulative of that set forth in Art. 802, supra, and that therefore said chapter had the effect of repealing the penalty set forth in Art. 802. In Haworth v. State, 88 S. W. (2d) 115, it was the contention of the appellant that Art. 802, supra, and Chap. 162, supra, could not both be given effect in view of the provisions of Art. 18, P. C., which reads as follows:

"No penalty affixed to an offense by one law shall be cumulative of penalties under a former law, and where a new penalty is prescribed for an offense, the penalty of the first law shall be considered as repealed, unless the contrary be expressly provided in the law last enacted."

The conclusion was reached in Haworth's case that said

Chapter 162 did not offend against the principle set forth in Art. 18, supra. In affirming the judgment, we gave effect to a verdict affixing the penalty at confinement in the penitentiary for two years and upheld that part of the verdict and judgment prohibiting the appellant from driving a motor vehicle on any of the public highways of this State for a period of two years. We are not led to believe that we were in error in the conculusion there reached.

Appellant also insists that Chapter 466, Acts of the 44th Legislature, First Called Session, repealed Chapter 162, supra, in that in Section 16 of said Chapter 466, it is provided that a conviction for a violation of the provisions of Art. 802, P. C., for driving a motor vehicle while under the influence of intoxicating liquor shall have the effect of automatically suspending the license of one so convicted for a period of six months for the first conviction. Chapter 466 became effective subsequent to the appellant's conviction and pending his appeal to this court.

Art. 15, P. C., provides as follows:

"When by the provisions of a repealing statute a new penalty is substituted for an offense punishable under the law repealed, such repealing statute shall not exempt from punishment a person who has offended against the repealing (repealed) law while it was in force, but in such case the rule prescribed in article 13 shall govern."

Art. 13, P. C., reads as follows:

"When the penalty for an offense is prescribed by one law and altered by a subsequent law, the penalty of such second law shall not be inflicted for an offense committed before the second shall have taken effect. In every case the accused shall be tried under the law in force when the offense was committed, and if convicted punished under that law; except that when by the provisions of the second law the punishment is ameliorated he shall be punished under the second unless he elect to receive the penalty prescribed by the law in force when the offense was committed."

In Hubbard v. State, 4 S. W. (2d) 971, it is shown that a statute prescribing a lower penalty than that prescribed in the law under which the appellant was convicted became effective two days after the trial and conviction. We held that the change in the law after conviction and pending appeal did not require a reversal of the judgment.

In Frankling v. State, 44 S. W. (2d) 996, it appears that after the conviction and pending the appeal the statute rela-

tive to a suspended sentence was amended in order that persons over twenty-five years of age who were convicted of violating the liquor law might have the benefit of said sentences. It was insisted that the judgment should be reversed in order to place the appellant in a position upon another trial to invoke the provisions of the amended suspended sentence law. In overruling such contention, we cited Hubbard v. State, supra. Giving effect to the statutes and decisions mentioned, we are constrained to overrule the appellant's contention.

The motion for rehearing is overruled.

*Overruled.*