VIRGIL STEELE (ALIAS TATER STEELE) V. THE STATE.

No. 18132.   Delivered April 8, 1936.

The opinion states the case.

*Cunningham & Lipscomb,* of Bonham, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—It was charged against appellant that while intoxicated he drove an automobile upon a public highway in the City of Bonham.   Upon conviction the punishment assessed was imprisonment in the county jail for 90 days and a prohibition against driving an automobile upon any highway in the state for a period of two years.

The State's evidence was sufficient to support the jury's finding that appellant was intoxicated at the time he was driv-

ing the automobile. Appellant denied that he was drunk from the use of intoxicating liquor, but claimed that he had taken two ounces of paregoric, and some veronal tablets, and that his condition was attributable to the effect of such medicine.

The court instructed the jury in the main charge that if appellant was intoxicated from the use of paregoric or any other drug except alcoholic liquor they should acquit him, and also gave a special charge at appellant's request to the effect that if the intoxication or drunken condition of appellant was produced by the use of paregoric or veronal tablets alone or both together, to acquit. In both the main charge and the special charge given the court embraced the question of reasonable doubt in direct connection with the defensive charge.

Appellant requested that a special charge on the issue of insanity be given, and brings complaint forward because of its refusal. We are not impressed with the view that the issue of insanity was raised by the evidence.

Appellant objected to that portion of the charge authorizing the jury in event of conviction to recommend the prohibition of appellant from driving an automobile, on the ground that it was a punishment which was not a part of the penalty prescribed in the statute which defined and fixed the punishment for driving a motor vehicle while intoxicated. The question presented seems to have been passed upon adversely to appellant's contention in Williams v. State, 76 S. W. (2d) 511, and in Haworth v. State, 88 S. W. (2d) 115.

The judgment is affirmed.

*Affirmed.*

MORROW, P. J., absent.