## SAM REEVES V. THE STATE.

No. 19190.   Delivered November 10, 1937.

The opinion states the case.

*L. D. Johnston,* of Waxahachie, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The offense is the unlawful driving of a motor vehicle upon a public highway while under the influence of intoxicating liquor; penalty assessed at a fine of $50.00.

The verdict of the jury and the judgment of the court prohibit the appellant from driving a motor vehicle upon the highways of Texas for a period of one year. At the time of the commission of the offense on or about the 23rd day of November, 1935, Art. 802a, Vernon's Ann. P. C., was in effect, under the terms of which the appellant could be denied the privilege of driving a motor vehicle on the highways of the State for a period not exceeding two years. However, at the time of the presentment of the indictment and the trial of the case on January 21, 1937, Art. 802a, supra, had been repealed by Chapter 466, Acts of 44th Legislature, 2nd Called Session, 1935, which act became effective February 12, 1936. The law under which the appellant was convicted having been changed and the penalty reduced since the commission of the offense, the appellant was entitled to the amelioration of the punishment provided in the latter law. Such is the declaration of Article 13, P. C., 1925.

In the case of Harris v. State, No. 19070, not yet reported (page 129 of this volume), this court held that Art. 802a, supra (upon which the suspension of his right to operate a car is based), was repealed by Chapter 466, supra, which provided that the license of one who operates a motor vehicle upon the public highway while intoxicated shall be automatically suspended for a period of six months upon the first conviction. In the absence of evidence adduced upon the trial, this court is not advised as to any previous conviction of the appellant for an offense similar to the present prosecution, and must therefore accept the record as presented for review.

In view of the repeal of Art. 802a, supra, by the Act of the Legislature mentioned, we think the verdict of the jury depriving the appellant of the right to drive a motor vehicle upon the public highways of the State for a period of one year was unauthorized by law.

The judgment is reversed and the cause remanded.

*Reversed and cause remanded.*