# NOVEMBER 24, 1937

## O. E. ALEXANDER V. THE STATE.

No. 19125.   Delivered November 24, 1937.

The opinion states the case.

*Gray & Pope,* of Tyler, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was convicted of the offense of driving an automobile upon a public highway while drunk, and his punishment was assessed at a fine of $50, and his license to operate a motor vehicle upon any public road was revoked for twelve months.

His main contention is that the evidence is insufficient to sustain his conviction.   The testimony adduced by the State, briefly stated, shows that on the afternoon of November 22, 1936, the appellant and three or four other parties were riding in a truck upon a public highway, to wit: The Troupe-Whitehouse Highway in Smith County.   On said occasion appellant was driving the truck, and on passing Hill's Filling Station, which was located near the highway, he drove into and against two gasoline tanks, knocking a hole in one of the gasoline hoses.

The constable who arrested him and the deputy sheriff who placed him in jail both testified that appellant was drunk; that they smelled the odor of whisky on his breath. Appellant did not testify, but the parties who were with him in the truck at the time testified that the appellant was not drunk; that he had only drunk a few bottles of beer on said occasion.

It is obvious that whether or not appellant was drunk was a controverted issue, which the jury, who are the exclusive judges of the facts proved, the credibility of the witnesses, and the weight to be given to their testimony, decided adversely to his contention. Under such a state of facts, this court would not be authorized to disturb their verdict.

We note, however, that the court in his charge to the jury, instructed them that in the event they found appellant guilty, they should state in their verdict what period of time the defendant should be prohibited from driving or operating any motor vehicle upon any public highway in this State, not to exceed two years.

This was the law until amended by subsection (b) of Section 16, Chapter 466, Second Called Session of the Forty-fourth Legislature, which provides that revocation shall, in the first instance, be for a period of six months; subsequent revocation shall be for a period of one year.

The jury found the defendant guilty under the instruction and assessed his punishment at a fine of $50, and revoked his license for a period of twelve months. There is nothing in the record which indicates that this was the appellant's second offense. Hence, the instruction hereinabove quoted, discloses fundamental error.

We do not deem it necessary to discuss bills of exceptions numbers one and two, because the matters complained of therein, may not arise again upon another trial.

For the error hereinabove pointed out, the judgment of the trial court is reversed and the cause is remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.