## MAY KING V. THE STATE.

No. 19241.  Delivered December 1, 1937.

The opinion states the case.

*M. E. Lawrence,* of Eastland, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was convicted of the offense of driving an automobile while intoxicated on the public streets in the town of Eastland in Eastland County, Texas; her punishment was assessed at a fine of $50, confinement in the county jail for a period of 30 days, and her license to operate a motor vehicle upon any public highway or road in this State was revoked for a period of twelve months.

There are some questions presented in reference to the

court's instruction which we do not deem necessary to discuss at this time in view of the disposition we are making of the case.

We note that the court in his charge to the jury, instructed them that in the event they found appellant guilty, they should state in their verdict what period of time the defendant should be prohibited from driving or operating any motor vehicle upon any public highway in this State, not to exceed two years.

This was the law until amended by subsection (b) of Section 16, Chapter 466, Second Called Session of the Forty-fourth Legislature, which provides that revocation shall, in the first instance, be for a period of six months; subsequent revocation shall be for a period of one year.

The jury found the defendant guilty under the instruction, and assessed her punishment at a fine of $50, confinement in the county jail for a period of 30 days, and revoked her license for a period of twelve months. There is nothing in the record which indicates that this was the appellant's second offense. Hence, the instruction hereinabove quoted was not authorized by any testimony and discloses fundamental error, which requires a reversal of this judgment.

In support of what we have said, we refer to the case of O. E. Alexander v. State, decided by this court on the 24th day of November, and not yet reported (page 276 of this volume).

It is therefore ordered that the judgment of the trial court be reversed and the cause is remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.