### AUBREY DOYLE V. THE STATE.

No. 19428.   Delivered February 16, 1938.

The opinion states the case.

*J. T. Ranspot,* of Mineral Wells, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was convicted of driving an automobile while intoxicated upon a public highway. His punishment was assessed at a fine of $150, confinement in the county jail for five days and his license to operate a motor vehicle upon the public highways revoked for a period of one year.

In view of the disposition we are making of this case, it will be unnecessary to discuss appellant's bills of exceptions.

We note that the court, in his charge to the jury, instructed them that in the event they found appellant guilty they should state in their verdict what period of time the defendant should be prohibited from driving or operating any motor vehicle upon any public highway in this State, not to exceed two years.

This was the law until amended by subsection (b) of Sec. 16, Chapter 466, Second Called Session of the Forty-Fourth Legislature, which provides that revocation shall, in the first instance, be for a period of six months; subsequent revocation shall be for a period of one year.

The jury in the instant case found the defendant guilty. Part of the punishment assessed was revocation of his license for a one year period. There is nothing in the record which indicates that this was appellant's second offense. Hence, the instruction hereinabove quoted was not authorized by any testimony and discloses fundamental error, requiring a reversal of the judgment.

Two of the cases deciding precisely the same point and recently before this court are Alexander v. State, 110 S. W. (2d) 583, and King v. State, 110 S. W. (2d) 1155.

The judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.