FRANK SCHULTZ V. THE STATE.

No. 19583.   Delivered March 30, 1938.

The opinion states the case.

*Shropshire & Sanders,* of Brady, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The conviction is for unlawfully driving an automobile upon the public highway while under the influence of intoxicating liquor; penalty assessed at a fine of $100.00 and confinement in the county jail for ninety days.

The verdict of the jury, in response to the charge of the court, prohibits the appellant from driving an automobile upon the public highways of the State for a period of two years. Under Article 802a, P. C., such a verdict would have been authorized. However, at the time of the commission of the offense by the appellant Article 802a, supra, had been repealed by Chapter 466, Acts of 44th Legislature, 2d Called Session, 1935 (Vernon's Ann. Civ. St., Art. 6687a, Sec. 16). Under the terms of Chapter 466, supra, the appellant could be prohibited from driving a motor vehicle on the highways of Texas for a period of six months for the first conviction. In the absence of evidence to the contrary, this Court must assume from the record before it that the present instance is the first conviction of the appellant of the offense in question, and under the circumstances his license could only be suspended or revoked for a period of six months. See Harris v. State, 109 S. W. (2d) 201; Reeves v. State, 109 S. W. (2d) 1051; King v. State, 110 S. W. (2d) 1155; Alexander v. State, 110 S. W. (2d) 583; Short v. State, 111 S. W. (2d) 713; Morris v. State, 112 S. W. (2d) 193; Chaney v. State, 112 S. W. (2d) 464; Wilkerson v. State, 113 S. W. (2d) 535. In passing we will add that the present statute (Chapter 466, supra) automatically suspends the license of those convicted thereunder. Therefore, no charge on the subject should have been submitted to the jury.

The judgment is reversed and the cause remanded.