# MAY 5, 1943

## J. W. ADAMSON V. THE STATE.

No. 22256. Delivered February 10, 1943.
Rehearing Granted May 5, 1943.

The opinion states the case

J. R. Porter and W. T. Link, both of Clarendon and E. T. Miller, of Amarillo, for appellant.

Spurgeon E. Bell, State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of the crime of conversion, and assessed a penalty of two years in the State prison.

The appellant was indicted by a grand jury of Donley County for a conversion of funds belonging to Hedley Independent School District in said County.

Upon the calling of this case for trial, in Donley County, appellant filed a motion to quash the indictment herein because of the fact that two of the persons constituting the grand jury that returned this indictment were not qualified grand jurors, in that, although subject to a poll tax, they had not paid the same for the current year. This motion was by the trial court overruled, and due exception taken, whereupon on the court's own motion the venue of this case was changed to Childress County for reasons satisfactory to that court.

The motion to quash evidences that the trial court heard evidence relative to the two grand jurors and their failure to pay a poll tax, yet we find no such evidence in the record nor any agreement relative thereto. The mere allegation that such grand jurors had failed to pay a poll tax, and that they were subject to such tax, does not amount to proof of such an allegation, and in the presence of a presumption of the correctness of the trial court's ruling, we do not feel inclined to hold that the refusal of the trial court to quash the indictment was error. The motion to quash does not support itself; there should have been some proof offered and shown in the record. For aught we know, these gentlemen complained of may have paid their poll tax, or they may not have been subject to pay such tax. See Kimbrough v. State, 61 S. W. (2d) 110.

Again, a motion to "quash the grand jury and the indictment" was presented in Childress County, which motion came too late. See Art. 564, C. C. P.; also Vasquez v. State, 76 Texas Cr. R. 37, 172 S. W. 225; Fitzgerald v. State, 87 Texas Cr. R. 34, 219 S. W. 199; Scitern v. State, 87 Texas Cr. R. 112, 219 S. W. 833; Parr v. State, 108 Texas Cr. R. 551, 1 S. W. (2d) 892.

Bill of exceptions Nó. 1 complains of the introduction of an envelope handed to the witness Charlie Barnett, who had paid certain taxes to appellant, and appellant had enclosed such tax receipts in an envelope and handed same to the witness; included

in such envelope was a receipt for taxes of the Hedley Independent School District for the sum of $131.87, such being the amount of money alleged in the indictment to have been converted. We think the same was clearly admissible, as well as the tax receipt for such payment, which bore the signature of appellant, and came from his hand.

It is contended by appellant that he is incorrectly indicted herein as an officer of the government; that he was tax collector for Donley County and not for the School District; that he could not hold two offices of emolument at the same time, and that he had never qualified, taken the oath, nor given bond as collector for the School District. We held in the case Dupuy v. State, 106 S. W. (2d) 287, and 121 S. W. (2d) 1003, that a tax collector for a school district was an officer of the government in contemplation of Art. 86, P. C. However, appellant again asserts that because he was also the Tax Assessor and Collector for Donley County at the same time that he is charged with being such collector of the Independent School District, that he could not thus hold two separate and distinct offices at the same time.

While appellant could not legally hold two offices of emolument at the same time as a de jure officer, under Art. 16, Sec. 40, of the State Constitution, it is thought that his performance of the duties of school tax collector would constitute him a de facto officer as such school tax collector. A de facto officer is one who holds, and is in possession of, an office under some appearance or color of right or title, although not legally entitled to the same. See Vol. 11, Permanent Edition Words & Phrases, p. 502, et seq.

It is shown by the record that the Hedley Independent School Board had passed into its minutes an order appointing appellant as its tax collector for the year 1938, and that he collected the taxes for such year and continued to do so for the years 1939 and 1940. It is further shown that he was in possession of their tax rolls and actively functioning as such collector; that he received their tax monies, and gave their tax receipts to persons paying such monies; that he made reports to such trustees, together with a payment of the money shown to be due according to such reports.

We think appellant had color of title to such office, as is shown above, and that he was actively functioning as such a de facto officer, and therefore was properly chargeable as such.

We have heretofore held in Germany v. State, 3 S. W. (2d) 799, that:

"An officer de facto is criminally liable for malfeasance in office. Florez v. State, 11 Tex. App. 102; Mechem on Public Officers, Sec. 336; Cyclopedia of Law and Procedure, vol. 29, p. 1394; Bishop on Criminal Law (9th Ed.) vol. 1, p. 339."

It was held in the Germany case that a city secretary, who was also acting as a city tax collector, was such a de facto collector, and could be punished for failure to pay over such collected funds to the city.

Appellant next bases complaints on the proposition that taxes being payable in money, any payment thereof, or any testimony of a payment thereof by checks, would be immaterial and contrary to law, and would be no payment at all. The proposition relative to taxes being payable in money is granted; nevertheless if it could be shown that a check on a bank was given in exchange for a tax receipt, and such check was paid by the bank to the collector, then we think the transaction has eventuated in a payment of the tax in money, and proof showing such would be admissible, the check acting only as a medium by which the money passed.

Appellant also objected to the showing of other transactions wherein it was evidenced that appellant collected state, county and school district taxes, giving receipts therefor in exchange for a check, and which check was by him cashed, such further transactions being handled in the same way and manner as the one under investigation. This cause was submitted to the jury upon the law of circumstantial evidence, and we think that such further transactions were admissible to show system, intent and motive, and a circumstance of guilt. There were several other complaints as to checks handled in the same way by appellant, which the proof shows were cashed by appellant and not paid to the District, the proceeds of which went into appellant's tax account at the bank.

It was shown that these proceeds from such checks, which represented the state, county and school taxes, went into appellant's account as County Tax Collector, at a bank that was properly designated as a county depository, and appellant contended that if this money was converted, then that the depository, having allowed same to go out of its hands, was the loser therefor and not the school district, and therefore the allegation and proof did not correspond.

It is true that appellant paid a personal note of his own owing to the depository bank for $1,500.00 by means of a personal check of J. W. Adamson, Tax Account, but we think an answer to such a contention is that nowhere is it shown that such bank was the depository of the School District funds and owed such district any duty in ascertaining whether such funds belonged in whole or in part to such district.

Again, there is complaint relative to the introduction of a report sent to the School Trustees showing certain collections made. This report was not signed by anyone, but it was evident that same came from appellant's office, and it was accompanied by the personal check of appellant for the amount shown to be due by the report. We think that these facts are sufficiently strong to show that such report came from appellant, and it was evident therefrom that he did not include therein the amounts of money alleged herein to have been converted. It is again of value to show his actions as tax collector of such school district. Such fact is further evidenced by the rubber stamp shown to have been placed on the back of certain cancelled checks in evidence wherein the endorsement was shown as follows:

"FOR DEPOSIT ONLY

Tax Assessor and Collector,
Donley County
Donley County Tax Collector
and Assessor
Lelia Lake Independent School
District
Hedley Independent School
District
Giles Independent School District
J. W. Adamson, Assessor and
Collector of Taxes.
"J. W ADAMSON"

Complaint is also made relative to a showing by the State of an issuance of certain tax receipts taken from the back of the tax roll, such receipts not being the regular receipts made out in advance and placed in their regular place in the tax roll. Evidently the regular receipts being still present in the tax roll, their absence meaning their payment and delivery, and the making out of another receipt not included in the tax roll, would not be discovered by the person checking such roll for a period of time, and their presence therein would evidence

the non-payment of such tax. These additional receipts were shown to have been made out in appellant's handwriting, and we think were admissible as showing motive and intent, and a circumstance of guilt. All of these matters were unexplained, and it was also further shown for what it was worth that appellant was apprehended in California and brought back at State's expense to face trial herein.

We do not think any error is evident herein, and the judgment is therefore affirmed.

### ON APPELLANT'S MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

Appellant insists that we overlooked the evidence heard upon the motion to quash the indictment as set out in the bill of exception complaining of the overruling of the motion.

The bill recites that before pleading to the indictment in Donley County the motion to quash was filed, and the court there heard evidence on the motion which was, in substance; that two of the grand jurors were over 21 years of age, and under 60, and that neither came within any exception—naming them—which excused the jurors from paying a poll tax. Before the venue was changed to Childress County the motion was renewed, and the same evidence reproduced. When the case was called for trial in the latter county the motion to quash was again made, and the same evidence from the two grand jurors again produced. It is appellant's position that the question was timely raised and that he has brought himself within the holding in Conklin v. State, 162 S. W. (2d) 416. We find in the motion to quash the following averment: "That Donley County, Texas, in March, 1941, had anl contained more than 800 men, legally qualified for Grand Jury service, who had paid their 1940 poll tax in Donley County, Texas, and that it had and contained more than 60 additional men who were over the age of 60 years and exempt from the payment of a poll tax; that in empanelling the 10 men on the purported Grand Jury it was not made to appear to the court that the requisite number of jurors, who have paid their poll taxes for 1940 cannot be found within the county; * * *" Look ing to the bill of exception we find not one word of evidence supporting said adverment. Without such proof appellant has not brought himself within the rule announced in the Conklin case (supra).

The indictment alleges that about the 26th day of December, 1940, "J. W. Adamson was an *officer* of the *Government* of said state (Texas), to-wit: was *Tax Collector of the Hedley Independent School District*" in Donley County, and "was *by law as such officer,* a receiver and depositary of public money belonging to said Hedley Independent School District; and *as such officer by virtue of said office*" he had in his possession $131.87 belonging to said District which he converted to his own use.

The Hedley Independent School District was created by special Act of the 34th Legislature in 1915 (Laws of Texas, Vol. 17, page 64). No office of assessor and collector of taxes for said district was created by the Act itself, nor does the Act itself authorize the trustees of said district to create such office. Such power as the trustees had in the premises was by virtue of the general statute on the subject.

Art. 2792 R. C. S. (1025) gives the trustees of an independent school district the right to choose the *county* assessor and collector to assess and collect the taxes of the school district. Article 2791 R. C. S. (1925) designates the powers and duties of a district assessor and collector (when there is such an office), and provides that he shall give bond to be approved by the president of the board of trustees conditioned for the faithful discharge of his duties and payment to the treasurer of the board all funds coming into his hands by virtue of his office.

The minute book of the Hedley Independent School District Board of Trustees shows the following entry made on December 12, 1938. "Motion made by E. R. Hooker, seconded by H. H. Hall to have Jess Adamson to collect school tax for 1938, and to pay him 1% of the amount he collects, school to buy tax receipts for same. Motion carried." The evidence shows that Mr. Bounds was collector through 1938, but is silent as to how much authority was obtained. The minutes of the school board further show an entry on November 13, 1939, instructing "Tax Collector Adamson to accept split tax payments," and then on January 8, 1940, an entry instructing "Tax Collector Adamson to strike the assessments on all church property in the district.

No bond was ever executed by Adamson as district collector of taxes for the Hedley Independent School District. No further orders or designations regarding him were made by the trustees,

but he performed the duties of collecting the taxes for the district during 1939 and 1940.

We gather from the record that Adamson had been elected Assessor and Collector for Donley County at the November election in 1938 preceding the order of the school board made on December 12, 1938, but that he did not take the oath of office nor give bond as said county officer until the second day of January, 1939.

It is appellant's contention that he could not be prosecuted as an *officer of the school district,* asserting that in law and fact he was not such officer either de jure or de facto. In legal effect we have a situation like that dealt with in First Baptist Church v. City of Ft. Worth, 26 S. W. (2d) 196. It was there claimed that an assessment of taxes was void because the party making the assessment was attempting to hold two offices of emoulment in violation of Article 16, Section 40 of the State Constitution. The law incorporating the Fort Worth Independent School District did not attempt to create the *office* of assessor and collector of taxes for the district, nor did it authorize the governing body of such district to create such office. In this respect the situation is exactly the same as found in the Act creating the Hedley Independent School District. However, in the Fort Worth independent school district law it was provided that the assessment and collection of taxes for such district should be made by the assessor and collector of the City of Fort Worth. Such a provision is not found in the Act creating the Hedley Independent School District, but the general law (Art. 2792 R. C. S. 1925) accomplishes the same purpose by giving the trustees the right to choose the *county* assessor and collector to assess and collect taxes for the district. It was held in the Fort Worth case (supra) that no new office of assessor and collector for the school district was created, but that only additional duties were imposed upon the city assessor and collector and that, therefore, there was no violation of said Art. 16, Sec. 40 of the Constitution. In the opinion in the Fort Worth case (supra) we find this significant statement: "No authority whatever can be found in the law creating the school district which would entitle the district to have its taxes assessed and collected by its own officer. In the absence of such provision, *no such office existed.*" (Italics ours.) If this was true in the case mentionel it is also true in the instant case. There can be no officer, either de jure or de facto of a non-existent office. See State v. Gillette's Estate, 10 S. W. (2d) 984.

We are impressed that the school trustee designated appellant as collector of taxes for the school district knowing that he would be the county assessor and collector for Donley County under his election to said office, and that their subsequent acquiescence during the years of 1939 and 1940 in his collection of the taxes for the district was by reason of his position as such county officer. Their selection of him as such officer to collect the school taxes for the district did not create a new office of assessor and collector of the district, but only added to his duties as county assessor and collector the additional duties of collecting for the district. If this conclusion be correct he should have been prosecuted as an *officer* of the *county*, to-wit:—as Tax Assessor and Collector of the county, and not as an officer of the district.

We observe that tax receipts for taxes due the school district were signed by appellant not as collector for such school district, but as Tax Assessor and Collector for Donley County. The fact that the trustees never required of appellant any bond to protect the district for taxes collected by him further impresses us with the idea that he was not regarded by the trustees as acting in the capacity as collector for the district, independent of his office as county assessor and collector.

If it·be thought that the act of the school trustees in designating appellant as collector of taxes for the school district created the office of school district collector of taxes, then his subsequent qualification as county assessor and collector on January 2, 1939, vacated the office of district collector, and under the *holding* in Pruitt et al v. Glen Rose Independent School District No. 1, 84 S. W, (2d) 1004, and Odem v. Sinton Independent School District, 234 S. W. 1090, he could not thereafter be regarded even as a de facto officer of the school district.

If the trustees dealt with appellant as a private citizen when they designated him as collector for the district, and their said act did not create the district office of collector—as heretofore indicated—then appellant should have been prosecuted as the *agent* of the school district for the collection of the taxes, and not as an officer of the district; for, as contended by appellant, he received the tax money not by virtue of his office, but under a contract with the trustees.

Anyone interested in pursuing the subject further will find by an examination of the notes in 100 A. L. R., 1158, where the

case of Pruitt et al v. Glen Rose Ind. School District, (supra) is reported, that the conclusion in such case is supported by the great weight of authority.

Apparently the State upon original submission of the present case relied upon Germany v. State, 109 Tex. Cr. R. 180, 3 S. W. 2nd 797, 802. Appellant insists that the holding in the said case is in conflict with those announced in the Glen Rose and Odem cases, (supra). There may be some expressions in the Germany case which appear to present a conflict, but when the facts in the latter case are understood the conclusion reached is thought to be not out of harmony with the conclusions arrived at in the cases referred to.

Germany was prosecuted for misapplication of public funds as an officer of the City of Lubbock. The charter of the city provided for the offices of City Tax Collector and City Secretary, and also provided that the city authorities might consolidate the two offices. The city appointed Germany as City Tax Collector and later also appointed him as City Secretary. The city authorities passed no formal order consolidating the two offices, but under the appointments Germany performed the duties of both offices for a number of years. When prosecuted as the city collector he claimed that he had vacated that office when he accepted the appointment as City Secretary. In the opinion on rehearing is found the following language: "The commission having power to consolidate the offices of secretary and collector, and assign the duties to one person, and having by long course of dealing recognized the authority of the appellant to act as collector, was not, it is believed, precluded from holding him responsible for his acts as collector by the failure of the city authorities to pass an ordinance of consolidation." This indicates that in the opinion of the court the facts there present had the same effect as an order of consolidation of the two offices would have accomplished and that the prosecution in the manner followed was proper.

Complaint is renewed in appellant's motion for rehearing that the court submitted the case to the jury in such manner as authorized a conviction if appellant was the agent or employee of the school district regardless of the averment that he was an officer. This was called to the court's attention by proper objection to the instructions. The writer is of opinion there is merit in the objections, but pretermits discussion because of the disposition of appellant's motion on the other grounds discussed.

Further consideration has led us to the conclusion that we were in error in our judgment of affirmance. Appellant's motion for rehearing is granted, the judgment of affirmance is set aside, and the judgment of the trial court is now reversed and the cause remanded. The order of dismissal of the prosecution under the present indictment is not here made because the evidence upon another trial might not be the same. What has been said is sufficient to govern the State in any further prosecution.