# JUNE 26, 1946

JAY D. ANDERSON V. THE STATE.

No. 23369. Delivered May 29, 1946.
Rehearing Denied June 26, 1946.

424

The opinion states the case.

*Joseph W. Taylor* and *Albert C. Johnson,* both of Waco, for appellant.

*Ernest S. Goens*, State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

This appeal is from a conviction for driving an automobile upon a public highway while intoxicated; the punishment, a fine of $50.

The attention of two highway patrolmen, while driving on what is referred to as the "Marlin Road" about three miles South of Waco, was attracted by the manner in which another automobile was being driven. One patrolman said the car was "all over the road;" the other said it was "reeling back and forth." As a result, they stopped the car, which the appellant was driving. According to their testimony, appellant was drunk at the time.

Appellant denied that he was drunk and said that if his car "wobbled any" on the road, he knew nothing of it. In this defense, appellant was corroborated.

Appellant insists that the facts fail to show that the road upon which he was driving at the time was a "public highway," as that term is used in the information and in Art. 802 P. C. In other words, if we understand appellant's position, it is that proof merely that he drove his automobile upon the Marlin road is insufficient to show that he was driving on a public highway. We note that one witness described the road as being thirty-five or forty feet in width.

A "public road" is a "public highway" and may be shown to be by proof that it is used as such by the public. Nichols v. State, 120 Tex. Cr. R. 219, 49 S. W. (2d) 783.

In the instant case, the proof shows that the road was being used as such, not only by the highway patrolmen but also by the appellant—who testified that he was returning over that road to Waco from Marlin. The facts are deemed sufficient to warrant the jury in finding that appellant drove his automobile on a public highway—especially in view of the fact that no issue was made thereof in the trial court and the matter is for the first time urged in this Court.

In his motion for new trial, appellant claims newly discovered evidence. The order of the trial court overruling the motion shows that evidence was heard on the motion. Such evidence

has not been brought before this Court. In the absence thereof, the presumption prevails that the trial court ruled correctly.

For the first time in this Court, appellant challenges the validity of that provision of what is commonly known as the drivers' license law, appearing as Sec. 24 of Art. IV. of Art. 6687b, Vernon's Civil Statutes, which provides automatic suspension of the license of any person convicted of driving a motor vehicle while under the influence of intoxicating liquor. It is contended that such provision—that is, the automatic suspension of license upon conviction—constitutes cruel and unusual punishment in violation of Art. 1, Sec. 13, of the Constitution of this State; and also that such works a forfeiture of estate for a conviction for crime and is therefore violative of Art. 1, Sec. 21, of the Constitution.

The question thus sought to be presented is not deemed before us because there is nothing to show appellant was the holder of a license, in the first instance. However, in Williams v. State, 127 Tex. Cr. R. 299, 76 S. W. (2d) 511, and Haworth v. State, 129 Tex. Cr. R. 428, 88 S. W. (2d) 115, this Court affirmed judgments of convictions for driving an automobile while intoxicated, which prohibited the accused from driving a motor vehicle upon a public highway for a period of two years, under a statute then in existence authorizing such a judgment. See, also, Schultz v. State, 134 Tex. Cr. R. 251, 115 S. W. (2d) 417.

The complaint upon which the information in this case was predicated was sworn to before an "assistant criminal district attorney" of McLennan County. The information was presented in the county court by the "criminal district attorney" of such county.

Appellant, here, for the first time, insists that there is no such office as "Criminal District Attorney of McLennan County" and that, therefore, the complaint, as well as the information, was invalid.

By Chap. 9, Acts Regular Session of the Forty-first Legislature, in 1929, as amended by Chap. 20, Acts First Called Session, Forty-first Legislature, there was created the office of Criminal District Attorney in certain counties of this State.

It is represented that the Act applies to McLennan County and that the criminal district attorney, in prosecuting this case, did so by virtue of the office created in the Act.

Appellant insists that the Act is invalid because it is a special law and violative of Art. 3, Sec. 56, of the Constitution of this State.

This is not a proceeding brought to determine either the validity of the Act mentioned or the right of the officer to act thereunder. The attack here attempted is entirely collateral. Were we to adjudicate and pass upon the question presented, we would do so without according to the officer the right to be heard. This we are not warranted in doing.

In so far as this proceeding is concerned, the conviction is sustainable upon well-recognized principles of law.

If the Act be subject to the invalidity claimed, and unconstitutional, such fact would not inure to the benefit of appellant, nor could the appellant, here, take advantage thereof, because the criminal district attorney would be a de facto officer and his acts—as such—binding upon the appellant.

While it is true, as a general rule, that in order for one to be a de facto officer there must be a de jure office, yet there are well-recognized exceptions to that rule. One of these is that where an office is provided for by an unconstitutional statute, the incumbent, for the sake of public policy and public justice, will be recognized as an officer de facto until the unconstitutionality of the Act has been judicially determined. 43 Am. Jur., Public Officers, Sec. 475, and authorities there cited. The other is that the de facto status of persons acting as incumbents of offices will be sustained where there is in existence a de jure similar office. Id.

These rules are deemed applicable and controlling here, for, even though the Act be invalid—as contended—until such has been so determined in a direct proceeding for that purpose, public policy, as well as public justice, demands that the officer acting under the color of the authority of that Act, be recognized as the representative of the State in prosecuting men charged with crime. On the other hand, every county in this State is entitled to a county attorney to prosecute the pleas of the State in criminal cases where there is not a resident criminal district attorney. The Constitution so provides. Art. 5, Sec. 21.

If the Act be invalid, as contended, then the office of county attorney would furnish the similar de jure office whereby the criminal district attorney in the instant case acted de facto.

No error appearing, the judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON MOTION FOR REHEARING.

GRAVES, Judge.

Appellant again complains because the affidavit and information herein are signed by the criminal district attorney, claiming that the statute creating such office for McLennan County is void, and that there is no such officer known to the law. This contention was answered in our original opinion with the proposition that if such statute is void (which we do not hold), then such criminal district attorney was a de facto officer. We are again then offered by appellant the proposition that there can be no de facto officer unless there be a de jure office, citing Adamson v. State, 171 S. W. (2d) 121, 145 Tex. Cr. R. 570; Irwin v. State, 177 S. W. (2d) 970, 971; Hill County v. Sheppard, Comptroller, 178 S. W. (2d) 261.

With the holdings in such cases we are not attempting to disagree, but do find an exception laid down relative thereto, and that is where the office of similar functions does exist, and the name of the officer only is changed, the duties being the same as that of the established de jure office, a mere change of name of the officer would not destroy the office.

As set forth in our original opinion, the de jure office of county attorney was established in Article V, Section 21, of our State Constitution, and it is seen that the criminal district attorney was performing the functions prescribed by the Constitution as a portion of the duties of the county attorney, and we therefore remain of the opinion that a de jure office was existent at such time, and the criminal districty attorney was a de facto officer acting in a de jure office.

In appellant's motion for a new trial it is contended as a ground for the granting of the same that the affidavit of Dr. J. T. Harrington, comes under the head of newly discovered evidence, which was not earlier known by the exercise of due diligence. Dr. Harrington's affidavit shows, in substance, that he was subpoenaed as a witness in this cause, but was unable to respond when telephoned to by the sheriff by reason of other

engagements and duties; that defendant had driven Dr. Harrington for many years, and he had never known him to be under the influence of intoxicating liquor; but defendant was temperamental under excitement, such as an arrest, and under such excitement he would act as though under the influence of intoxicating liquor to a person not knowing him; and affiant believes that the State's witness was misled by this temperamental condition of appellant into a belief that he was intoxicated. That if possible, if a new trial was granted, affiant would be willing to appear as a witness herein.

It is shown that appellant went to trial willingly without the presence of Dr. Harrington; that he had driven (a car presumptively) for the doctor for a long time, and surely knew his own condition and temperament, and surely knew that the doctor knew the same. Surely Dr. Harrington had been talked to prior to the time he had been subpoenaed prior to this trial, and we find from the record that when he failed to appear, the State agreed that if present the doctor would testify that appellant's reputation for truth and veracity was good, and such agreement was made known to the jury.

We think that appellant was lacking in diligence in discovering what the doctor would testify to in regard to appellant's temperament, and also that if same had been produced on the trial it probably would not have changed the result of the trial. The trial court was doubtless of the same opinion, and we think he was correct in overruling the motion for a new trial.

We think this case has been properly disposed of, and therefore the motion will be overruled.