Thomas Orval HARWARD, Appellant,

v.

The STATE of Texas, Appellee.

No. 38922.

Court of Criminal Appeals of Texas.

Dec. 8, 1965.

Rehearing Denied Jan. 19, 1966.

Brown & Shuman, by Clifford W. Brown, Lubbock, for appellant.

Fred E. West, County Atty., Wm. Quinn Brackett, Asst. County Atty., Lubbock, and Leon B. Douglas, State's Atty., Austin, for the State.

PER CURIAM.

The offense is driving while intoxicated; the punishment, five days in jail and a fine of $100.00.

The record on appeal contains no statement of facts or bills of exception. All proceedings appear to be regular, and nothing is presented for review.

The judgment is affirmed.

## ON APPELLANT'S MOTION FOR REHEARING

DICE, Judge.

Appellant urges as fundamental error that the court failed to give a proper charge to the jury with respect to the penalty for the offense of driving a motor vehicle upon a public highway while intoxicated, charged against him in the information.

The court, in his charge, instructed the jury that if they found appellant guilty they would "fix his punishment at confinement in the county jail for not less than three (3) days nor more than two (2) years, and by a fine of not less than fifty dollars ($50.00) nor more than Five Hundred Dollars ($500.00)."

It is insisted that such instruction was fundamentally erroneous because it did not charge the jury that an additional penalty under the statute was the automatic suspension of appellant's operator's license for a period of not less than six (6) months. Art. 6687b, Sec. 24, Vernon's Ann.Civ.St.

In support of his contention, reference is made by appellant to the recent amendment of Section 1 of Article 6687b by the 59th Legislature in 1965, which added subsection (r) that reads:

"'The suspension or revocation of a license.' Shall be considered as a penalty and subject to executive clemency as any other fine or punishment."

It should first be pointed out that the amendment of Art. 6687b, supra, by the 59th Legislature did not become effective until ninety days after the date of adjournment, which was after the date of appellant's trial and conviction in the county court.

It has been the holding of this court prior to the effective date of the above amendment that the matter of revocation or suspension of an accused's operator's license upon conviction for driving while intoxicated is not a part of the charge, verdict, or judgment and is therefore not a question for the jury's consideration. Davison

v. State, 166 Tex.Cr.R. 376, 313 S.W.2d 883; Taylor v. State, 151 Tex.Cr.R. 568, 209 S.W.2d 191; Beach v. State, 199 S.W. 2d 1020; Walker v. State, 125 S.W.2d 571, 136 Tex.Cr.R. 368; McIntire v. State, 117 S.W.2d 1093, 135 Tex.Cr.R. 285; Schultz v. State, 134 Tex.Cr.R. 251, 115 S.W.2d 417.

The motion for rehearing is overruled.

Opinion approved by the Court.