Estelene R. **HEATHINGTON**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 07–85–0003–CR.

Court of Appeals of Texas, Amarillo.

Feb. 10, 1986.

V.G. Kolius, Amarillo, for appellant.

Danny E. Hill, Dist. Atty., and Ebelardo Lopez, Asst. Dist. Atty., Amarillo, for appellee.

Before REYNOLDS, C.J., and DODSON and BOYD, JJ.

REYNOLDS, Chief Justice.

Appellant Estelene R. Heathington was charged by a three-count indictment with the offense of involuntary manslaughter. The first two counts are allegations that she recklessly caused the death of an individual by the manner of her driving a motor vehicle; the third count is an allegation that by accident or mistake, she caused the death when operating a motor vehicle while intoxicated. She entered a plea of guilty and applied for probation. By a general verdict, a jury found her guilty of the offense charged as instructed, and then, declining to recommend probation, fixed her punishment at confinement in the Texas Department of Corrections for two (2) years and six (6) months. The court rendered judgment and imposed sentence in accordance with the verdict.

In charging the jury on punishment and probation, the court first instructed, in conformity with the statutes, that the punishment for involuntary manslaughter is confinement in the Texas Department of Corrections for a period of not less than two (2) years nor more than ten (10) years and, in the jury's discretion, a fine in any amount not to exceed $5,000. *See* Tex.Penal Code Ann. §§ 19.05(c), 12.34 (Vernon 1974). Then, the court, in instructing on probation, enumerated the conditions of probation, if granted, which are the first fourteen conditions listed in the Adult Probation Law that the court may impose, but is not limited to imposing, as conditions of

probation. *See* Tex.Code Crim.Proc.Ann. art. 42.12, § 6(a) (Vernon Supp.1986).

Appellant objected to the charge and requested the court to give two additional charges on punishment upon conviction for the offense of involuntary manslaughter. First, she objected to absence of, and requested, a charge that the law provides the court granting probation shall require as a condition of probation that the defendant submit to a period of detention in a penal institution to serve a term of confinement of not less than 120 days. Tex.Code Crim. Proc.Ann. art. 42.12, § 6b(c) (Vernon Supp. 1986). Second, she objected to the absence of, and requested, a charge that the law provides for a mandatory suspension of the defendant's driver's license for 180 days to two years. Tex.Rev.Civ.Stat.Ann. art. 6687b, § 24(e) (Vernon Supp.1986). The court overruled the objections and denied the requests, which, so appellant contends by a single ground of error, was reversible error. Disagreeing, we affirm.

At the outset, it is to be noticed that the offense of involuntary manslaughter is committed if a person

recklessly causes the death of an individual;

Tex.Penal Code Ann. § 19.05(a)(1) (Vernon 1974); or

by accident or mistake when operating a motor vehicle while intoxicated and, by reason of such intoxication, causes the death of an individual.

Tex.Penal Code Ann. § 19.05(a)(2) (Vernon 1974). It is only a conviction under section 19.05(a)(2), *supra,* that invokes the application of article 42.12, § 6b(c), *supra,* and article 6687b, § 24(e), *supra,* to a conviction for the offense of involuntary manslaughter.

In this regard, as previously mentioned, appellant was charged by indictment with one offense of involuntary manslaughter alleged to have been committed in three different manners, only one of which was a section 19.05(a)(2), *supra,* allegation. Since evidence bearing on each count was adduced to validate appellant's general plea of guilty, and the jury returned a general verdict of guilty, the conviction is supportable, *Bailey v. State,* 532 S.W.2d 316, 323 (Tex.Cr.App.1975), but we cannot ascertain with certainty that the jury based its general verdict of guilty on a section 19.05(a)(2), *supra,* commission, which is a necessary predicate for appellant's ground of error.

There being sufficient evidence to support a finding by the jury that appellant committed a section 19.05(a)(1), *supra,* offense of involuntary manslaughter, as alleged in the first two counts of the indictment, it ordinarily would be unnecessary to pass on appellant's ground, which is based only on a conviction under section 19.05(a)(2), *supra.* *Wright v. State,* 364 S.W.2d 384, 387 (Tex.Cr.App.), *cert. denied,* 375 U.S. 870, 84 S.Ct. 96, 11 L.Ed.2d 96 (1963). However, since there is evidence to support a conviction of involuntary manslaughter committed under section 19.05(a)(2), *supra,* the verdict is applicable to that phase of the offense, *Wright v. State, supra,* and appellant's ground will be entertained and addressed.

■ In charging the jury on punishment for the offense of involuntary manslaughter, a felony in the third degree, the court instructed accurately on the punishment fixed by statute for the offense. *See* Tex. Penal Code Ann. art. 12.34, *supra.* Notwithstanding, appellant contends that the aforementioned mandatory institutional detention of the defendant as a condition of probation and the automatic suspension of the defendant's driver's license, as provided by statutes, is a part of the range of punishment for the section 19.05(a)(2), *supra,* offense, and the court had a duty to so instruct the jury. We do not agree, mentioning first that article 12.34, *supra,* which prescribes the punishment, does not include either the detention or the suspension as punishment for the offense.

■ Next, we observe that, at least since *Schultz v. State,* 134 Tex.Cr.R. 251, 115 S.W.2d 417 (1938), the jury, in assessing punishment, has no legal authority to suspend or not suspend the driver's license,

*Rowland v. State,* 523 S.W.2d 676 (Tex.Cr. App.1975), because the law determines a suspension is automatic upon conviction. *Beach v. State,* 150 Tex.Cr.R. 193, 199 S.W.2d 1020 (1947). Therefore, the matter of suspension of the license is not for the jury's consideration, *Harward v. State,* 398 S.W.2d 127, 128 (Tex.Cr.App.1965), and shall not be included in the court's charge. *Davison v. State,* 166 Tex.Cr.R. 376, 313 S.W.2d 883, 886 (1958). *See, also, Leslie v. State,* 408 S.W.2d 116 (Tex.Cr.App.1966). Consequently, the court correctly omitted from the charge an instruction on the automatic suspension of the driver's license.

■ And now, we notice that the court, in instructing on probation, stated the fourteen conditions of probation as absolutes, not as the optional conditions which, among others, the court may impose. *See* article 42.12, § 6(a), *supra.* Given the posture of the stated conditions in the charge, which instructed the return of a general verdict of guilty, and the mandatory operation of article 42.12, § 6b(c), *supra,* to a section 19.05(a)(2), *supra,* conviction, it would have been the better practice for the court to instruct the jury that a condition of probation upon a conviction under the third count of the indictment would require the defendant to submit to a period of detention in a penal institution to serve a term of confinement of not less than 120 days. However, the omission of the instruction is not reversible error, for it has been the consistent holding of our court of last resort for criminal matters that a failure to enumerate the conditions of probation in the court's charge is not harmful to the defendant. *Henderson v. State,* 617 S.W.2d 697, 700 (Tex.Cr.App.1981), and cases cited there.

Beyond that, the charge, when considered with the remaining record on appeal, otherwise adequately protected appellant's rights. During the trial, it was made known to the jury, through the testimony of appellant and her husband, not only that she was going to lose her driver's license for six months to two years, but that if she were placed on probation, the judge was going to place her in a penal institution for a period of time not less than four months. Then, in its charge, the court stated, as the twelfth condition of probation, that the probationer shall:

> Remain under custodial supervision in a community-based facility, obey all rules and regulations of such facility, and pay a percentage of her income to the facility for room and board.

*See* Tex.Code Crim.Proc.Ann. art. 42.12, § 6(a)(12) (Vernon Supp.1986). Thus, in the light of the whole record on appeal, the jury was appraised of the article 42.12, § 6b(c), *supra,* condition of probation, the charge adequately protected appellant's rights, *Kemner v. State,* 589 S.W.2d 403, 409 (Tex.Cr.App.1979), and the omission of the specific condition of probation from the charge, albeit objected to, is not calculated to injure those rights. *Almanza v. State,* 686 S.W.2d 157, 171 (Tex.Cr.App.1985). Consequently, the ground of error is overruled.

The judgment is affirmed.