IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-91-454-CV





MARGIE JIMENEZ,



 APPELLANT


vs.





LOWER COLORADO RIVER AUTHORITY AND MARK WILKERSON,



 APPELLEES



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT



NO. 455,655, HONORABLE MARY PEARL WILLIAMS, JUDGE PRESIDING



 




 Margie Jimenez appeals from a take-nothing judgment rendered in her suit against
the Lower Colorado River Authority (LCRA) and its employee Mark Wilkerson. We will affirm
the judgment.



THE CONTROVERSY


 The LCRA is a conservation and reclamation district organized and existing under
Tex. Const. art. XVI, section 59(a) (1917, amended 1964, 1973, 1978). Wilkerson is a peace
officer commissioned and employed by the LCRA under authority of Tex. Water Code Ann.
section 51.132 (West 1988). In a contract authorized by Tex. Rev. Civ. Stat. Ann. art. 4413(32c)
(West 1976), the LCRA agreed to supply supplemental and emergency law-enforcement services
to Bastrop County upon request by a county official.

 While on duty in Bastrop County, Wilkerson received such a request in a radio
message describing a pickup truck that had been operated recklessly a few moments before. 
Seeing a pickup of that description, Wilkerson began to follow it in his LCRA automobile. After
seeing the pickup veer into the lane for on-coming traffic, Wilkerson turned on his red signal
light. The pickup accelerated. Wilkerson followed for two or three minutes, at speeds up to 80
miles-per-hour, before abandoning the chase. About a mile from that point the pickup left the
road and crashed into a tree, killing Darryl Lee Curles who was Jimenez's son and the driver of
the pickup.

 Individually and as her son's representative, Jimenez brought two kinds of action
against the LCRA and Wilkerson: an action for negligence and an action under 42 U.S.C.A. §
1983 (West 1981) for the deprivation of her son's civil rights under color of law. The trial-court
judgment, based on the jury's verdict, ordered that Jimenez take nothing.

 Jimenez's action for negligence has passed from the case. She appeals on four
points of error pertaining solely to her cause of action under section 1983.



JIMENEZ'S POINTS OF ERROR AND ARGUMENT


 Question number one asked the jury whether Wilkerson acted pursuant to a request
by a Bastrop County official in response to an emergency and to supplement county law-enforcement. The jury replied that Wilkerson did so act. Question number three asked the jury
whether Wilkerson, acting under color of state law, deprived Curles "of his constitutional rights." 
The jury answered "No."

 Jimenez contends the trial court erred in two respects with regard to each question: 
(1) in submitting the question to the jury and in failing to disregard the jury's answer; and (2) in
not sustaining her motion for new trial on those grounds. She argues a common theory in support
of these assignments of error.

 Jimenez points out that Article XVI, section 59(a) of the state constitution does not
list law enforcement as one of the purposes for which conservation and reclamation districts, such
as the LCRA, may be created. She concludes from this that section 51.132 of the Texas Water
Code is unconstitutional because it purports to authorize such districts to commission and employ
their own peace officers. Consequently, she argues, the LCRA lacked the power to commission
and employ Wilkerson as a peace officer, it lacked the power to enter into the law-enforcement
contract with Bastrop County, its acts in doing these things were void, and Wilkerson therefore
lacked legal authority to pursue Curles in response to the radio message. 

 For the reason's given below, we need not address the particulars of Jimenez's
argument.



DISCUSSION AND HOLDING


 Assuming (without deciding) the trial court erred in submitting questions number
one and three to the jury, and erred again in failing to disregard the jury's answers, we conclude
such errors were harmless. Jimenez carried the burden to establish the elements of a cause of
action under section 1983: (1) that Wilkerson acted under color of law; and (2) that his conduct
deprived Curles of a right, privilege, or immunity secured by the Constitution and laws. See
Temkin v. Frederick County Comm'rs, 945 F.2d 716, 719 (4th Cir. 1991). If questions one and
three had not been submitted to the jury, or if the trial court had disregarded the jury's answers
to those questions, the result would simply be that Jimenez had failed to establish anything at all. 
 Certainly she would not have established the elements of a cause of action under section 1983. 
These elements would have been left unproved and would have resulted in the failure of Jimenez's
cause of action.

 The asserted errors are harmless for another reason reflected in her own argument. 
Her argument amounts ultimately to a claim that Wilkerson acted without actual legal authority
owing to the unconstitutionality of section 51.132 of the Texas Water Code. There is a basic
inconsistency in this argument. Under section 1983 Wilkerson must have acted under "color of
law." That expression refers to conduct by one clothed with state authority who purports to act
under that authority and not as a private individual. See 15 Am.Jur.2d Civil Rights § 18, 310-316. Thus Jimenez's argument seems to contradict explicitly an essential element of her cause
of action under section 1983, the only cause of action at issue in her appeal. Nevertheless, we
believe the evidence established as a matter of law that Wilkerson acted "under color of law,"
even if he was only a peace officer de facto. See Anderson v. State, 195 S.W.2d 368, 370 (Tex.
Crim. App. 1946). This renders harmless any error regarding questions one and three by which
Jimenez attempted to establish Wilkerson's want of actual legal authority.

 Jimenez's brief fails entirely, however, to address the second element of a cause
of action under § 1983 -- that Wilkerson's conduct deprived Curles of a right, privilege, or
immunity secured by the constitution and laws. Her brief neglects to mention a particular right,
privilege, or immunity. Her live petition at trial was similarly deficient. We note, however, that
the instructions in the charge, under special question three, refer to and even quote the Fourteenth
Amendment to the Constitution of the United States. We believe, therefore, that she intends a
claim that Wilkerson's conduct deprived Curles of the due process of law and equal protection of
the law guaranteed by that amendment.

 We find still another barrier to ascertaining Jimenez's appellate contentions. She
complains of the jury's "no" answer to question three, which asked whether Wilkerson's conduct
deprived Curles "of his constitutional rights," presumably his constitutional right to due process
of law and equal protection of the law. Jimenez carried the burden of obtaining a "yes" answer
to the question. She did not do so at trial, yet she contends we must reverse the trial-court
judgment and render judgment in her favor in the amount of her damages as ascertained by the
jury. This implies that she contends the evidence proved conclusively that Wilkerson's conduct
deprived Curles of due process of law and equal protection of the laws. We shall nevertheless
consider also whether the jury's "no" answer was so against the great weight and preponderance
of the evidence as to be manifestly unjust. (1)

 A claim under section 1983 cannot be sustained merely on proof of an officer's
negligent act causing unintended loss of or injury to life, liberty, or property. Daniels v.
Williams, 474 U.S. 327, 328 (1986). To sustain a claim under § 1983 requires that the officer's
conduct be such that it "shocks the conscience." Rochin v. California, 342 U.S. 165, 172 (1952). 
That is not the case here.

 The evidence would permit reasonable inferences that Wilkerson saw Curles'
pickup veer into the on-coming traffic lane; that Curles saw Wilkerson's signal to stop; that
Wilkerson's automobile was marked by an LCRA insignia; that Wilkerson pursued Curles' pickup
when it accelerated and then abandoned the high-speed chase after two or three minutes; and that
Curles's blood-alcohol level was .13 when he crashed into the tree. Curles was under a legal duty
to stop in response to Wilkerson's red-light signal. Tex. Civ. Stat. Ann. art. 6701d, § 186 (West
1977). The jury was instructed that a peace officer has the discretion to stop a driver who has
committed a traffic violation in the officer's presence; and the jury could reasonably conclude that
Curles had committed such a violation when he veered into the on-coming traffic lane. There is
in evidence a suggestion that Wilkerson had previously pursued Curles, and Jimenez appears to
infer from this a bad motive on Wilkerson's part. But this evidence does not imply that the
previous pursuit was unjustified and it falls short of proving the earlier pursuit even occurred. 
We hold the jury could reasonably conclude, as it did in answer to question three, that
Wilkerson's conduct did not amount to a deprivation of Curles' right to due process and equal
protection of the law.

 For the reasons given, we overrule Jimenez's four points of error and affirm the
trial-court judgment.



 

 John Powers, Justice

[Before Justices Powers, Aboussie and B. A. Smith]

Affirmed

Filed: October 21, 1992

[Do Not Publish]
1. In a post-submission brief, Jiminez requests that we reverse the trial court's judgment and
remand the cause for a new trial. She does not contend therein that the jury's "no" answer was
so against the great weight and preponderance of the evidence as to be manifestly unjust. That
is the implication of her request for remand.